Lee, J.
According to the English practice a criminal information at the crown office is only allowed to be filed upon motion and a rule to show cause grounded upon a proper and legal affidavit: and this affidavit should be full and explicit, should disclose all the material facts of the case and contain all matters necessary to criminate the defendant. 5 Bac. Abr. (Bouv. ed.) “ Informations,” (D) p. 180; 1 Chit. C. L. 857 ; Arch. C. P. 73, 74. Our act of assembly expressly requires the leave of the court on a rule to show cause; but by our practice a previous presentment by the grand jury often comes in place of the affidavit required by the English rule. Where however it is thus sought to be made the ground of the rule to show cause, it must like the affidavit, contain enough to show that an offense has been committed. No matter material to render the act imputed to the defendant unlawful can be omitted, and the supposed offense must be described with at least reasonable certainty. If it be defective in these respects, the presentment cannot avail for any legal purpose whatever.
The presentment in this case charges the defendant with playing at cards for money on a Sabbath at or near Old Shop meeting-house in the county of Prince George within six months previous thereto contrary to law: but it does not allege that Old Shop meetinghouse was a public place at the time of such playing. It may or may not have been such public place at that *787 time. The name of the place does not ex vi termini import that it was at all times a public place. Although whilst the public might be assembled there for religious worship or other purpose or whilst so assembling or afterwards dispersing, it might well be a public place within the meaning of the statute, yet at all other times it might be a strictly private place, the playing at which would not be a violation of the law. Thus a matter most material to show that an offense had been committed, was omitted and the presentment was therefore radically defective. Hord’s Case, 4 Leigh 674; Roberts’ Case, 10 Leigh 686. Nor will the words “ contrary to law” supply the omission. These terms in an indictment serve to preclude all legal cause of excuse for the act imputed, but never to enlarge or extend the force and effect of those employed to describe it so as to make the act unlawful when it is not so by the description itself. In Roberts’ Case, ubi sup. the charge was for “unlawfully” playing cards at a grocery, yet the presentment was held to be defective.
The presentment is also objectionable for uncertainty. If Old Shop meeting-house were ex vi termini, a public place playing near it would not necessarily be a violation of the statute unless at a place so near that it too was rendered a public place by reason of its proximity. The very place of the playing should therefore be averred to be a public place, and as it is laid in this presentment to have been in the alternative “ at or near,” it would seem on that account to be uncertain and defective.
That the defendant subsequently upon the filing of the information appeared and pleaded not guilty, upon which a trial was had and a verdict rendered against him will not preclude him from objecting to the presentment now. In Chalmers’ Case, 2 Va. Cas. 76, and Wells’ Case, Ibid. 333, the right to object to the pre *788 sentment on which the information was founded was held to be taken away by such plea and verdict upon the information: but it does not appear that the defendant in either of those cases made the objection at the proper time upon the rule to show cause. In Wells’ Case he did not appear at all upon the rule to show cause though duly summoned. In this case the defendant did appear upon the rule and showed for cause that the presentment did not charge any offense against him and moved the court to refuse leave to file an information. His objection was however overruled, the rule made absolute and leave given to file the information. After that all he could do was to defend himself upon the information as best he might.
I think the Circuit court erred in making the rule absolute and giving leave to file the information. And in this view it is rendered unnecessary to decide the question raised upon the facts proved at the trial.
I am of opinion to reverse the judgment set aside the verdict and quash the information, to discharge the rule to show cause and quash the presentment.
The other judges concurred in the opinion of Lee, J.
Judgment reversed, all the proceedings to the presentment set aside, and quashed.