Allen, P.
The Code, chap. 198, § 1, p. 742, provides, that a free person who shall keep or exhibit a gaming table commonly called A B C, or E 0 table, or faro bank, or a table of the like kind under any denomination, whether the game or table be played with cards, dice or otherwise, shall be confined in jail not less than two nor more than twelve months, and be fined not less than one hundred nor more than one thousand dollars. The plaintiff in error was presented for keeping and exhibiting an unlawful game played with dice, called chuckaluck, at the tavern-house of S. S. Helms in the town of Bockymount in Franklin county, within twelve months last past. Before pleading to the presentment, he moved to quash it, because it does not set forth any penal offence under either of the sections of the Code against unlawful gaming. The motion was overruled, and he then filed the plea of not guilty, and the jury found a verdict’of guilty against him, assessed his fine at one hundred dollars, and ascertained the term of his imprisonment in the county jail to be two months. The court thereupon rendered judgment against him for the fine assessed and the costs of the prosecution ; and on motion of the attorney for the commonwealth, awarded a capias ad audiendum, returnable to the next term.
The offence charged was treated as coming under the first section of the act against unlawful gaming; and not being one of the gaming tables named in the act, it should appear that it was one of the like kind. It was decided in Wyatt’s Case, 6 Rand. 694, that the *650 distinctive feature in the character of the games enumerated is, that the chances of the game are unequal, all other things being equal, and those unequal chances are in favor of the exhibitor of the games or tables. Where the offence charged is the exhibition of any of the gaming tables enumerated, nothing more need be averred, for the statute makes exhibiting of any of the gaming tables named a penal offence; and therefore the offence is sufficiently described by the name set forth in the statute, and no further description is necessary; being one of the enumerated games, the exhibition of it is unlawful. Where the offence charged is for keeping and exhibiting a game not enumerated, there must be some averment showing it to be one of the unequal games belonging to the same class with the enumerated games. Games may be played or exhibited where the chances are equal, all other things being equal; and the playing or betting at such game at an ordinary, race-field or other public place, unless it be one of the excepted games, subjects the party to punishment, though the penalty is different from that prescribed in the 1st section against the keeper or exhibitor of one of the unequal games therein enumerated or coming within the same class. The presentment should show on its face that the offence charged comes within the definition of the statute; if- not one of the enumerated games, it must be of the like kind, one of the unequal games included in the class prohibited. This distinctive character of the game is of the essence of the offence described in the 1st section; and unless substantially' averred, it does not appear upon the face of the presentment that the offence set forth in the 1st section has been committed. The verdict of guilty in manner and form as in the presentment against him is alleged, may be warranted by the evidence, although f-he game or table exhibited may not have been unequal. The charge that the game is *651 unlawful, does not cure the defect. The offence must be so charged as to appear to be unlawful; otherwise, the allegation that an act was unlawful, would dispense with all averments showing it was unlawful. As was held in Roberts' Case, 10 Leigh 686, and Bishop's Case, 13 Gratt. 785, the words “ unlawful,” or “ contrary to law,” do not serve to enlarge or extend the force and effect of the terms employed to describe the act, so as to make the act unlawful, when it does not appear to be so by the description itself. I think the objection was properly raised by a motion to quash the presentment. In Bell's Case, 8 Gratt. 600, it was held that a motion to quash is addressed to the discretion of the court, and the court will not on such motion quash the indictment, unless where the court has no jurisdiction ; where no indictable offence is charged ; or where there is some other substantial and material defect. In this case, being presented for keeping and exhibiting, under the 1st section, the presentment does not charge an offence under that section, and there is no charge for playing or betting at any game, under the 4th section of the act. I think the court erred in overruling the motion to quash the presentment, and for that error the judgment should be reversed and the presentment quashed.
The other judges concurred in the opinion of Allen, P.
Judgment reversed.