STATE OF VERMONT *v.* SWANZEY WILSON.

January Term, 1907.

Present: ROWELL, C. J., MUNSON, and WATSON, JJ., and WATERMAN, SUPERIOR J.

Opinion filed August 10, 1907.

*Criminal Law—Misprision of Felony—Definition—Information —Sufficiency—V. S. 4883.*

It is a rule of construction that, if a statute gives a new remedy in a particular case, this shall not extend to alter the common law in any other case.

Misprision of felony is an offence at common law, and is a criminal neglect either to prevent a felony from being committed or to bring the offender to justice after its commission, but without such previous concert with or subsequent assistance of him as will make the concealer an accessory, either before or after the fact.

The common law as to the misprision of felony is a part of the law of this State, that offence not being confined to the crime of treason by V. S. 4883, providing for the punishment of misprision treason.

An information for misprision of felony setting forth with requisite certainty the commission of grand larceny, giving the name and place of residence of the offender, and alleging that "all of which" the respondent "well knew," is not insufficient for that guilty knowledge is not alleged; that the name of the principal offender is not charged as known to the respondent; that the time of the commission of the felony is not alleged as known to the respondent; and that it is not alleged that the principal offender's usual place of abode was then known to the respondent.

Where an evil intent accompanying an act is necessary to constitute such act a crime, that intent must be alleged in the information or indictment, and must be proved.

An information for misprision of felony is insufficient, unless it alleges that the respondent intended to obstruct and hinder the due course of justice and to cause the felon to escape punishment.

An information for misprision of felony which, after alleging the commission of grand larceny, with the name and place of residence of the felon, alleges merely "all of which" the respondent "well knew and then and there did conceal and keep secret, contrary to the law of the land," etc., is insufficient as not showing respondent's neglect to discover the felon and his place of resort to the officers of justice.

INFORMATION for misprision of felony. Heard on demurrer to the information at the October Term, 1906, Essex County, *Tyler*, J., presiding. Demurrer overruled, and information adjudged sufficient. The respondent excepted. The information charged that: "John Cunningham, alias Jack Somers, of Topsham, in the County of Sagadahoc and State of Maine, on the

3rd day of July, A. D. 1906, at Concord, in the County of Essex and State of Vermont, with force and arms, one five-dollar bill of good and lawful money of the United States of the value of five dollars, one one-dollar bill of good and lawful money of the United States of the value of one dollar, six finger rings of the value of fifty dollars, a suit of men's clothes of the value of twenty dollars of the goods and chattels of George H. Cummings, then and there in the possession of the said George H. Cummings being found, feloniously did steal, take and carry away, contrary to the form of the statute in such case made and provided and against the peace and dignity of the State; all of which Swanzey Wilson, alias Fred Smith, of Topsham, in the county of Sagadahoc and State of Maine, on the 3rd day of July, A. D. 1906, at Concord, in the county of Essex and State of Vermont, well knew and then and there did conceal and keep secret, contrary to the law of the land and against the peace and dignity of the State.''

*R. W. Simonds* for the respondent.

If this is an information for misprision of felony under V. S. 5160, the pleader is bound to set out the principal crime, and that the respondent before the felony was committed, did unlawfully and feloniously counsel, aid, abet, etc., the principal to do and commit the said felony. 2 Chitty's Cr. Law, 5; Arch. Cr. Pl. & Ev., 13th Ed. 82; 6 Cox C. C. App. 101; *Rex* v. *Atkins,* 7 Howell St. T. 231; *Parker's Case,* 2 D. Y. 186 (a); *Rex* v. *Saunders,* 2 Pow. 473; *Rex* v. *Donnelly,* Rus. & Ry. 310; *Rex* v. *Foy,* Vern. & S. 540; *Rex* v. *Greenwood,* 23 U. C. Q. B. 255.

The common law as to the misprision of felony is not in force in this State, except as to misprision of treason, under V. S. 4881. But if the common law as to misprision of felony is in force in this State, then the information is defective for the following reasons: Guilty knowledge is not alleged; the name of the principal offender is not charged as known to the respondent; the time of the commission of the crime by the principal offender is not alleged, as known by the respondent; nor that the usual place of abode or resort of the principal offender was then known to the respondent; nor that the respondent desired and intended to obstruct and hinder the cause of justice; nor that

the respondent intended to cause the principal offender to escape unpunished; nor that the respondent unlawfully, maliciously, etc., did conceal and keep secret the knowledge he had, if any; nor that the respondent did neglect to discover the alleged felony so committed, to the officers of public justice; nor that the respondent did refrain and forbear to disclose and make known the name, person, and usual place of resort of the principal offender; nor that the respondent had any knowledge of the name, person, or usual place of resort of the principal offender. Bish. Directions & Forms, §§128, 129 and 130; 2 Chit. Cr. Law, 232; 4 Chit. Cr. Law, 14.

*Harry B. Amey*, State's Attorney, and *Geo. L. Hunt* for the State.

The statute law of Vermont has not impliedly repealed the common law regarding misprision of felony. 8 Cyc. 376b; *In re Lord & Polk Chemical Co.* (Del.), 44 Atl. 775; *State* v. *Wilson*, (N. H.) 82 Am. Dec. 163.

It is not necessary to allege that the respondent "knowingly" concealed, for knowledge is implied in the statement of the offence. 22 Cyc. 327-8; *State* v. *Carpenter*, 20 Vt. 9; *State* v. *Corcoran*, 73 Vt. 404; *State* v. *Stewart*, 59 Vt. 293. The words "contrary to law" negative all legal excuse. *Bishop* v. *Com.*, 13 Grath (Va.) 785.

WATSON, J. Misprision of felony is an offence at common law and is described as a criminal neglect either to prevent a felony from being committed, or to bring the offender to justice after its commission, but without such previous concert with or subsequent assistance of him, as will make the concealer an accessory before or after the fact. 1 Hale P. C. 374; 1 Hawk. P. C. ch. 7, sec. 2; 1 Chit. Cr. L. 3; 1 Bish. Cr. L. sec. 717; 4 Steph. Com. 269.

As a part of V. S. ch. 211, touching the crime of treason, section 4883 relates to misprision of treason. The respondent contends that by this section the crime of misprision of felony is confined to the offence therein specified. Treason is a breach of allegiance to a government committed by a person who owes allegiance to it, and is the greatest crime known to the law.

1 Hale P. C. 86; *U. S.* v. *Wiltberger,* 5 Wheat. 76, 5 L. ed. 37. The offence includes a felony and more. Lord Chief Justice Hale says: "All treason is felony, though it be more." 1 Hale P. C. 497. Mr. Serjeant Hawkins says, "felony is said to be included in high treason." 1 Hawk. P. C. ch. 7, sec. 2. Lord Coke says that in ancient times the word *"felonici"* was of so large an extent as it included high treason; and therefore in the ancient books, by the pardon of all felonies, high treason was pardoned. But afterwards it was resolved that in the King's pardon or charter this word (felonie) should only extend to common felonies, and that high treason should not be comprehended under the same, and therefore ought to be specially named. Co. Litt. 391a. And in their History of English Law, vol. 2, 498, it is said by Pollock and Maitland that in later times the crimes known to the law were classified as (1) treason, (2) felonies, (3) misdemeanors; "and several important characteristics marked off treason from all other crimes." Such also is the classification made by our statutes. While it may be true that strictly speaking all treasons are felonies, yet there are many other felonies besides treason. It logically follows that since misprision of treason is a concealment of a "felony and the aggravation which makes it treason," it is a crime more heinous than the concealment of a common felony, and not of the same class. Indeed, under our statute the former is a felony, while the latter governed by the common law is a misdemeanor only. Section 4883, on which the respondent relies, expressly relates only to misprision of treason. It does not by implication affect the common law respecting the concealment of other crimes. It is a rule of construction that if a new remedy be given by a statute in a particular case, this shall not be extended to alter the common law in any other case. Bac. Abr. tit. Statutes, (I) 4.

The question then arises whether the common law touching the concealment of felony is a part of the law of this State. In *State* v. *Keyes,* 8 Vt. 57, it was held that trying to dissuade and hinder another person from attending a public prosecution, knowing such person to be a witness and about to be compelled in due course of law to attend such prosecution, was a punishable offence, on the ground that it tends to obstruct the due course of public justice. And it was there said that the doings of any act having such tendency has always been held indictable

as a misdemeanor at common law. In *Hinesburgh* v. *Sumner,* 9 Vt. 23, it was held that a note given in whole or in part for the compounding of a penalty, or the suppression of a prosecution therefor, was void and uncollectable, the court saying: "The compounding of penalties is an offence at common law, of dangerous tendency, highly derogatory to public example, and prosecutions are no more to be improperly suppressed by public informing officers, than by common informers." A mere neglect to prosecute a felon or to discover his offence to a magistrate, though perhaps more remote from the principal offence and hence less reprehensible, is a dereliction of the same sort. 1 Bish. Cr. L. sec. 267. There can be no doubt that the common law of the subject is a part of our law. It is applicable to our local situation and circumstances, and not repugnant to the constitution or laws.

It is argued that the information is insufficient for the reasons (1) that guilty knowledge is not alleged; (2) that the name of the principal offender is not charged as known to the respondent; (3) that the time of the commission of the felony set forth is not alleged as known by the respondent; (4) that it is not alleged that the usual place of abode or resort of the principal offender was then known to the respondent. The information sets forth in form and substance with time and place the commission of grand larceny, with the name and place of residence of the offender. It then alleges "all of which" the respondent on the same day and at the same place "well knew," etc. This is a sufficient allegation of knowledge in the respects above named.

It is further urged that the information is defective in that it contains no allegations (1) that the respondent intended to obstruct and hinder the due course of justice and to cause the felon to escape unpunished; and (2) that the respondent unlawfully, maliciously, etc., concealed, kept secret, and neglected to discover the felony together with the name, person, and usual place of resort of the felon, to the officers of public justice. This position is well taken, and the two questions will be considered in their order.

On the question of intent, we quite agree with Mr. Bishop that in principle the motive prompting the neglect of a misprision must be in some form evil as respects the administration of justice. 1 Bish. Cr. L. sec. 721a. And where an evil intent accom-

panying an act is necessary to constitute such act a crime, the intent must be alleged in the indictment or information and proved. 1 Chit. Cr. L. 233. See also 2 Chit. Cr. L. sec. 232; Bish. Directions and Forms, sec. 129.

Regarding the second question, after setting forth the felony the allegation is, "all of which" the respondent "well knew and then and there did conceal and keep secret, contrary to the law of the land," etc. The words "did conceal and keep secret" are not sufficient without further words showing a neglect to discover the felony, with the name and place of resort of the felon. Whether knowledge of the place of resort and a neglect to give information of that particular thing is in all cases essential to the crime, we do not consider; for here the allegations show such knowledge, and having it the respondent was bound to discover that also. Concealment of a crime known to have been committed is negative in character, while to give information thereof to the officers of the law is positive. All knowledge of the crime may be imparted to another person, and yet to meet the requirements of the law such person must be a magistrate or otherwise in authority. Hence without an allegation of neglect to discover, no crime appears. It is said by Lord Coke, after speaking of the punishment for concealment of felonies, "From which punishment if any will save himself he must follow the advice of Bracton, to discover it to the King, or to some judge or magistrate, that for the administration of justice supplieth his place with all speed that he can." 3 Inst. Cap. 65. To the same effect are 1 East P. C. ch. 3, and 1 Russ. Crimes, 411. See also Trials of Regicides, 5 How. St. Tr. 985; Thistlewood's Trial, 33 How. St. Tr. 690.

Nor do the words "contrary to the law of the land" supply this defect. They do not enlarge or extend the force and effect of the words used to describe the act imputed so as to make it unlawful when it was not so by the description itself. Bishop's Case, 13 Gratt. 785.

Since the information is amendable the cause will be remanded.

*Judgment reversed, demurrer sustained, information adjudged insufficient, and cause remanded.*