## STATE *vs*. IDA BIDDLE.

1. CRIMINAL LAW—MISPRISON OF FELONY IS MISDEMEANOR UNDER STATUTE.
    Under *Rev. Code* 1915, § 4720, misprision of felony, indictable at common law, is misdemeanor.

2. CRIMINAL LAW—COMMON-LAW DEFINITION OF "MISPRISION OF FELONY" OBTAINS.
    Subject to modification by *Rev. Code* 1915, §§ 4806, 4807, defining accessories and accomplices, the common-law definition of "misprision of felony" (the criminal neglect to either prevent a felony or to bring the offender to justice after its commission, but without such previous concert with or subsequent assistance as would make the concealor an accessory) applies in Delaware.

(*November* 14, 1923.)

HARRINGTON, J., sitting.

*Clarence A. Southerland*, Deputy Attorney-General, for the State.

The defendant was not represented by counsel.

Court of General Sessions for New Castle County, November Term, 1923.

Indictment No. 20, November Term, 1923, for misprision of felony.

Prosecution of Ida Biddle for misprision of felony. Defendant acquitted.

The indictment is in two counts.  The first count alleges,

"That Steve Jankovicz, late of New Castle Hundred, of the county afore-said, on the first day of October, in the year of Our Lord, 1923, with force and arms, at the hundred aforesaid, in the county aforesaid, upon the highway lead-ing from Wilmington to New Castle, in and upon one Ralph Mustard and then and there being, feloniously did make an assault, and him, the said Ralph Mustard in bodily fear and danger of his life, in the hundred aforesaid, and county aforesaid, on the highway aforesaid, then and there feloniously did put, and one motor vehicle, commonly known as a Buick Sedan, of the value of $2,400.00, and of certain silver coins of the aggregatevalue of $6.50, the money, goods and chattels of the said Ralph Mustard, from the person and against the will of the said Ralph Mustard, at the hundred aforesaid, in the county aforesaid, upon the highway aforesaid, then and there feloniously and violently did seize, take and carry away, against the form and act of the General Assembly in such case made and provided, and against the peace and dignity of the State. That Ida Biddle, late of New Castle Hundred, in the county aforesaid, afterwards, to-wit, on or about the second day of October, in the year of Our Lord, 1923, well knowing the premises and well knowing the name and person and usual place of resort of the said Steve Janko-vicz, by devising and intending to obstruct and hinder the due course of justice, and to cause the said Steve Jankovicz to escape unpunished for the said offense, so by him committed, unlawfully, maliciously, wickedly, will-fully and contemptuously did conceal, keep secret, and neglect to disclose the said felony, so aforesaid committed by the said Steve Jankovicz, and the name, person and usual place of resort of the said Steve Jankovicz, did utterly refrain and forbear to disclose and make known, against the form and act of the General Assembly," etc.

The second count is like the first, except it alleged that the said Ida Biddle "unlawfully, maliciously, wickedly, wilfully and contemptuously then and there neglected to take and refrained from taking any steps or measures and to make any effort to pre-vent the said Steve Jankovicz from committing said offense and felony," etc.

The State claimed that one Steve Jankovicz, on the first day of October, 1923, hired an automobile taxi-cab for the pretended purpose of going from the City of Wilmington to the town of New Castle in this County and State; that one Ralph Mustard was the owner and driver of said automobile; that Irving Biddle and the defendant were with the said Steve Jankovicz and accom-panied him on said trip; that while on the public highway be-tween the City of Wilmington and the town of New Castle, the said Steve Jankovicz held up the said Ralph Mustard at the point of a pistol, and, with the help of Irving Biddle, bound Mustard's hands behind him, took certain silver coins from him, and drove off with his automobile, leaving Mustard along the road; that, to-

gether with the said Irving Biddle and the defendant, he proceeded in said automobile through Chester, Philadelphia, and other places to Jersey City, New Jersey; that, though the defendant was present when the crime was committed by Steve Jankovicz, she made no effort to prevent its being committed, or to inform on, or prosecute the said Steve Jankovicz after it was committed. There was no evidence from which the jury could find that the defendant was in any way connected with the offense alleged to have been committed by the said Steve Jankovicz, or that she in any way aided him to avoid arrest, except by failing to make any effort to bring him to justice.

HARRINGTON, J., charging the jury:

The defendant has been indicted for misprision of felony. *Section* 4720 of the *Revised Code* of 1915 provides that:

"Assaults, batteries, nuisances, and all other offenses indictable at common law, and not specially provided for by statute, shall be deemed misdemeanors," etc.

[1]    Misprison of felony was an indictable offense at common law, and is, therefore, a misdemeanor under this statute in this State.

At common law, such offense was ''the criminal neglect either to prevent a felony from being committed or to bring the offender to justice after its commission, but without such previous concert with or subsequent assistance of him as will make the concealor an accessory before or after the fact." *State v. Wilson*, 80 *Vt.* 249, 67 *Atl.* 533; *Wharton's Criminal Law*, § 289 (11th *Ed.*); *Bishop's Criminal Law*, §§ 267, 717 and 720; 16 *C. J.* 60.

[2]    By the term misprision of felony, the concealment of a felony or the procuring of such concealment was, however, generally understood. *Russell on Crimes*, *pp.* 45, 121. Thus silently to observe the commission of a felony, without endeavoring to apprehend the offender was a misprision of felony; a person knowing of the commission of a felony and who the offender was, being bound to take the proper steps to prosecute the felon with all possible expedition. *Russell on Crimes*, *supra*. But, as I have already stated, in order to be guilty of misprision of felony, there

must merely have been knowledge of the offense, without any assent to or participation in it. Otherwise a person charged with that crime at common law would have been guilty either as a principal or as an accessory. *Russell on Crimes, p.* 131. Subject to whatever modifications there may be by reason of the statutes defining accessories and accomplices (*Sections* 4806 and 4807, *Rev. Code* 1915), the common law definition of misprision of felony and the rules of law applicable thereto, still apply in this state.

It is not contended, however, that there is any evidence in this case that would warrant you in finding that the defendant was in any way connected with the felonious act alleged to have been committed by the said Steve Jankovicz, either as an accessory, an accomplice, or otherwise. It is, therefore unnecessary, to consider to what extent the common law rules as to accessories have been modified by the sections of the statute above referred to.

*Section* 4716, *Rev. Code* of 1915, making the crime of highway robbery a felony, provides that:

"If any person shall feloniously take from the person of another by violence, or by putting in fear, any money, or other property, or thing, which may be the subject of larceny, he shall be deemed guilty of robbery and felony; and, if such robbery be committed on or near the highway, * * * he shall be" punished, etc.

(The Court here charged as to the presumption of innocence and reasonable doubt.)

If, after fully considering the evidence, you believe that Steve Jankovicz did feloniously take a Buick Sedan, and certain silver coins, or either of them, from the said Ralph Mustard on a public Highway in the State and County aforesaid by violence and by putting him in bodily fear and danger of his life, and, therefore, that the said Steve Jankovicz committed the crime of highway robbery, and that the defendant Ida Biddle was present when said felony was committed, but wilfully failed and neglected to make any effort to prevent its being committed, or if you believe that, knowing that it had been committed the said Ida Biddle wilfully failed and neglected to make any effort to prosecute the said Steve Jankovicz, and to bring him to justice for having committed said felony, your verdict should be guilty; otherwise, your verdict should be not guilty.