PEOPLE v. LEFKOVITZ.

1. CRIMINAL LAW—MISPRISION OF A FELONY.
   Misprision of a felony is not a crime under the common law in this State.

2. SAME—COMMON LAW—MISPRISION OF A FELONY.
   At common law the essential of the crime of misprision of a felony was such a concealment of knowledge of a felony as to constitute the offender in that respect an accessory after the fact.

3. SAME—NONDISCLOSURE OF CRIME COMMITTED BY ANOTHER.
    Mere nondisclosure of knowledge of crime committed by another
        is not misprision of felony nor any substantive crime under
        modern criminal law.

BUSHNELL, C. J., and SHARPE, J., dissenting.

Appeal from Recorder's Court for the City of Detroit; Gillis (Joseph A.), J. Submitted April 11, 1940. (Docket No. 125, Calendar No. 41,028.) Decided September 6, 1940.

Morris Lefkovitz pleaded guilty to misprision of a felony. From denial of motion to set aside sentence and to withdraw plea of guilty and grant a new trial, respondent appeals. Reversed and defendant discharged.

*Bernard A. Pearl* and *Robert T. Speed,* for defendant.

*Thomas Read,* Attorney General, *Duncan C. McCrea,* Prosecuting Attorney, and *William L. Brunner, Alan Asam* and *John K. Graham,* Assistants Prosecuting Attorney, for the people.

SHARPE, J. (*dissenting*). This is an appeal from an order denying leave to withdraw a plea of guilty to an information charging defendant as follows:

"On or about the 10th day of June, A.D. 1939, at the said city of Detroit, in the county aforesaid (the defendant) having knowledge of the commission of a felony, to-wit, robbery armed of Joseph Moross, which was committed on the 27th day of May, A.D. 1939, by Saul Pearl, Sam Becker, Booker Willis and Severe Robinson, did then and there commit the crime of misprision of a felony by failing to make a disclosure of said felony to the authorities or to do anything toward the apprehension and bringing to

justice the persons guilty of the felony so known to him, contrary to the common law in force and effect in this State."

On December 21, 1939, defendant signed a written waiver of trial by jury; and after one witness was sworn and gave some testimony, defendant withdrew his plea of not guilty and entered a plea of guilty. The cause was adjourned to a later date at which time defendant made a motion to withdraw his former plea of guilty. This motion was denied, and following the denial of the motion defendant was given a prison sentence.

At the time the plea of guilty was entered, the following took place:

"*The court* (to defendant): I understand at this time, through your counsel, you wish to withdraw your plea of not guilty previously entered and wish to plead guilty to the first count in the information?

"*The defendant*: Yes.

"*The court*: The count is that on or about the 10th day of June, A.D. 1939, in the city of Detroit, in the county aforesaid, having knowledge of the commission of a felony, to-wit—

"*Mr. Fitzgerald*: It is a misdemeanor.

"*The court*: —did then and there commit the crime of misprision of a felony. You make this plea freely and voluntarily?

"*The defendant*: Yes, sir.

"*The court*: And plead guilty?

"*The defendant*: Yes, sir.

"*The court*: No one has made you any promises to get you to plead guilty?

"*The defendant*: No, sir.

"*The court*: No one has made any threats to get you to plead guilty?

"*The defendant*: No, sir.

"*The court*: You plead guilty because you are guilty?

"*The defendant*: Yes, sir.

"*The court*: Well, now, you say that the first charge is a misdemeanor?

"*Mr. Pearl*: Yes, your honor, it is a common-law offense.

"*Mr. Fitzgerald*: With the offense punishable as a common-law offense. It is a common-law misdemeanor even though there is a punishment attached to it of a $2,500 fine or five years' imprisonment.

"*The court*: I want that understood.

"*The defendant*: Yes.

"*Mr. Fitzgerald*: Yes.

"*The court*: It is a misdemeanor under the common law. The punishment is provided under the statute in that 'catch-all' section.

"*Mr. Fitzgerald*: That is it. It is punishable as though it were a felony.

"*The court*: Very well, I will accept your plea and I will refer you to the probation department and remand you for sentence January 10th. The bond is what?"

Defendant appeals and contends that the court was in error in passing sentence upon the defendant as the charge "misprision of a felony" at common law is an ancient common-law offense and as such is obsolete and is not a part of the common law of Michigan; and for the additional reason that defendant had a right to withdraw his plea of guilty before sentence.

The determination of whether the crime of "misprision of a felony" is still a part of our criminal law is one of first impression in our court.

In Const. 1908, sched. § 1, the following provision is found:

"The common law and the statute laws now in force, not repugnant to this Constitution, shall remain in force until they expire by their own limitations, or are altered or repealed."

No claim is made that this part of the common law

is repugnant to the Constitution or that it has been altered or repealed, but the claim is made that modern conditions have made such a crime obsolete and that the common law may be repealed by conditions which make it inapplicable to present conditions.

In 1 Chitty on Criminal Law (5th Ed.), p. 2, in defining misprision of a felony, the author says:

"Thus, in case of treason and felony, any person knowing the crime to have been committed, and concealing it, even though he has not actively assisted the offender, will be guilty of a misprision of the crime which he has been instrumental in concealing. * * * In all cases, therefore, when a capital offense has been committed, it is the absolute duty, and only safe conduct of the party who is aware of the circumstances, to reveal it as soon as possible to some judge of assize or justice of the peace."

In the case of *State* v. *Biddle,* 32 Del. 401 (124 Atl. 804), the court held that misprision remained as a part of the common law of Delaware. The Vermont court has also indicated that the crime of misprision of a felony is a part of the common law. See *State* v. *Wilson,* 80 Vt. 249 (67 Atl. 533).

In the case of *Pond* v. *People,* 8 Mich. 150, 177, we said:

"It is held to be the duty of every man who sees a felony attempted by violence, to prevent it if possible, and in the performance of this duty, which is an active one, there is a legal right to use all necessary means to make the resistance effectual."

In our opinion the determination of the question of whether there has been such a change in condition as to warrant the repeal of the crime of misprision of a felony is a problem to be solved by the legislative branch of our government. Until the legislature speaks upon this subject we must hold that the crime of misprision of a felony is still a part of the law of Michigan.

"It is now the settled rule in this State that a plea of guilty may be withdrawn at any time before sentence." *People* v. *Stone,* 293 Mich. 658.

In *People* v. *Piechowiak,* 278 Mich. 550, we said:

"A considerate procedure of long recognition in this jurisdiction admits of withdrawal of a plea of guilty at any time before sentence, and this is especially true where in a case like this an examination has been waived and, therefore, no informative court-recorded evidence is available."

See, also, *People* v. *Wexner,* 280 Mich. 696.

It is also the accepted law in our State that if a plea of guilty is made under a misapprehension of fact or law, it should be set aside. *People* v. *Utter,* 209 Mich. 214. In the case at bar, defendant was charged with an offense known as "misprision of a felony" at common law. We are convinced after reading the record that the defendant did not understand the information to which he pleaded guilty.

Under such circumstances the sentence must be vacated; and the case should be remanded to the circuit court with direction to permit defendant to withdraw the plea of guilty and plead not guilty and have trial.

BUSHNELL, C. J., concurred with SHARPE, J.

WIEST, J. I do not join in the opinion of Mr. Justice SHARPE in grafting on the criminal law of this State the so-called common-law offense of misprision of felony.

There is not now and never has been such a substantive crime in the State of Michigan.

At common law the essential of the crime was such a concealment of knowledge of a felony as to constitute the offender in that respect an accessory after the fact. Text-writers on criminal law, cited by my Brother, and works on pleas and procedure in crim-

inal cases practically all cite Coke on the subject of misprision of felony and let the subject go at that. I, therefore, quote what Coke said in the Third Part of the Institutes of the Laws of England (Ed. 1660, p. 139):

"Now are we to speak of concealment or not discovery of felony. As in case of High Treason, whether the treason be by the Common law or Statute, the concealment of it is misprision of treason; so in case of felony, whether the felony be by the Common law or by Statute, the concealment of it is misprision of felony.

"If any be present when a man is slain, and omit to apprehend the slayer, it is a misprision, and shall be punished by fine and imprisonment.

"And as the Concealment of High Treason is higher by many degrees than the concealment of felony, so the punishment for the concealment of the greater is heavier than of the lesser; and yet the concealment of felonies in Sheriffs or Bailifs of liberties is more severely punished than in others, viz. by imprisonment by one year, and ransome at the will of the King. From which punishment if any will save himself, he must follow the advice of Bracton, to discover it to the King, or to some Judge or Magistrate that for administration of justice supplieth his place, with all speed that he can. * * *

"And this is intended of a concealment or not discovery of his mere knowledge: for in case of High Treason, he that knoweth it before it be done, and assenteth unto it, is *particeps criminis,* and guilty of treason; and in case of felony, he that receiveth the thief, and assenteth to it, is accessory."

The term "concealment," as employed by Coke, means something more than mere silence or failure to disclose, unless such, in purpose, is in aid of an offender and of such nature as to constitute one an accessory after the fact.

In modern criminal law mere nondisclosure of knowledge of crime committed by another is not misprision of felony nor any substantive crime.

The old-time common-law offense of misprision of felony, short of an accessory after the fact (if there ever was such a crime, which is extremely doubtful because wholly unsupported by adjudications in England), is not now a substantive offense and not adopted by the Constitution, because wholly unsuited to American criminal law and procedure as used in this State. On this subject see *Lorman* v. *Benson,* 8 Mich. 18 (77 Am. Dec. 435); *Perrin* v. *Lepper,* 34 Mich. 292, 295; *Reynolds* v. *McMullen,* 55 Mich. 568, 583 (54 Am. Rep. 386).

Chief Justice Marshall, in *Marbury* v. *Brooks,* 20 U. S. (7 Wheat.) 556, 575, made the following observation:

"It may be the duty of a citizen to accuse every offender, and to proclaim every offence which comes to his knowledge; but the law which would punish him in every case for not performing this duty is too harsh for man."

Wharton's Criminal Law (11th Ed.), § 289, states that:

"Misprision, as a substantive offense, however, is practically obsolete."

In 2 McClain on Criminal Law, § 938, it is said:

"In some States the offense is recognized by statute. But the whole doctrine of guilt by misprision, like that of the guilt involved in being accessory after the fact, has become practically obsolete, and perhaps not a single case can be cited in which punishment for such connection with a felony has been inflicted in the United States. If such criminal liability is recognized in any form it is by statute making particular acts of that character substantive offenses rather than by the preservation of the common-law doctrine of misprision of felony."

In *State* v. *Wilson*, 80 Vt. 249 (67 Atl. 533), cited by my Brother, the case did not result in a conviction for it was reversed and remanded for defective information; and what was said went back to Coke.

*State* v. *Biddle*, 32 Del. 401 (124 Atl. 804), consists of the charge to the jury by a Delaware trial court (Court of General Sessions, New Castle). Defendant had no counsel and the verdict was not guilty.

The conviction is set aside, the information quashed and defendant discharged.

BOYLES, CHANDLER, NORTH, McALLISTER, and BUTZEL, JJ., concurred with WIEST, J.