PEOPLE v MAKIDON

Docket No. 77-2802. Submitted March 15, 1978, at Lansing.—Decided June 20, 1978.

Mitchell Makidon was convicted of rape in Shiawassee Circuit Court, James M. Teahen, Jr., J., and appeals by leave granted. Defendant contends that the trial court erroneously failed to exercise its discretion to exclude evidence of the defendant's prior felony convictions, and that his sentence of 30 to 40 years violates the Supreme Court ruling that a minimum sentence may not be longer than two-thirds of the maximum. *Held:*

1. A trial court need not specifically state that it is exercising its discretion when ruling on a motion to suppress evidence of prior convictions. There was no error where it is clear from the record that the judge was aware that he had the discretion to suppress the evidence and where the record reveals no abuse of that discretion.

2. The rule limiting the minimum sentence under the indeterminate sentencing act to two-thirds of the maximum does not apply in the case of a repeat felony offender.

Affirmed.

BASHARA, J., concurred, except on the issue of sentencing. He would hold that the two-thirds rule applies regardless of whether the defendant is a repeat offender, and would remand for modification of the sentence.

OPINION OF THE COURT

1. CRIMINAL LAW—EVIDENCE—PRIOR CONVICTIONS—IMPEACHMENT—JUDGE'S DISCRETION.

A trial judge may refuse to permit impeachment of a criminal defendant by use of evidence of prior convictions, and it is error for a judge to fail or refuse to recognize this discretionary power.

REFERENCES FOR POINTS IN HEADNOTES
[1] 81 Am Jur 2d, Witnesses § 569.
[2] 75 Am Jur 2d, Trial §§ 30, 177
[3, 4] 21 Am Jur 2d, Criminal Law §§ 540, 581, 592, 614.

2. CRIMINAL LAW—EVIDENCE—PRIOR CONVICTIONS—SUPPRESSION OF
    EVIDENCE—JUDGE'S DISCRETION.

     There is no need for a trial court to specifically state that it is
     exercising its discretion in denying a defendant's motion to
     suppress evidence of prior convictions where it is clear from the
     record that the court was aware that it had the discretion to
     allow or to suppress the evidence and where a review of the
     record establishes that there was no abuse of discretion.

3. CRIMINAL LAW—SENTENCING—INDETERMINATE SENTENCE—REPEAT
    OFFENDERS.

     The rule which provides that a minimum sentence, under the
     indeterminate sentencing act, must not exceed two-thirds of the
     maximum does not apply to a repeat felony offender.

CONCURRENCE IN PART, DISSENT IN PART BY BASHARA, P. J.

4. CRIMINAL LAW—SENTENCING—INDETERMINATE SENTENCE—REPEAT
    OFFENDERS.

     *The fact that a defendant is a repeat felony offender does not
     prevent applicability of the rule that under the indeterminate
     sentencing act a minimum sentence should be no longer than
     two-thirds of the maximum.*

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, and *Gerald D. Los-
tracco,* Prosecuting Attorney (by *Thomas C. Nel-
son,* Assistant Attorney General, Prosecuting At-
torneys Appellate Service), for the people.

*Hoschner & Kurrle,* for defendant on appeal.

Before: BASHARA, P. J., and M. J. KELLY and
ALLEN, JJ.

M. J. KELLY, J. Defendant was convicted of rape,
MCL 750.520; MSA 28.788, by a Shiawassee
County Circuit Court jury on April 13, 1972. He
was sentenced on May 8, 1972, to a prison term of
30 to 40 years. He appeals by leave granted Sep-
tember 22, 1977.

Defendant raises three issues on appeal. Our

disposition of this case renders a discussion of the first issue unnecessary.

Defendant argues that the trial judge failed to exercise his discretion to exclude evidence of defendant's prior criminal convictions to be introduced at trial to impeach defendant's credibility. The present case was tried prior to *People v Jackson,* 391 Mich 323; 217 NW2d 22 (1974), and *People v Cherry,* 393 Mich 261; 224 NW2d 286 (1974), which held that a trial judge may refuse to permit impeachment by prior convictions, and that it is error to fail or refuse to recognize this discretionary power. The same rule had been adopted, however, by this Court in *People v Farrar,* 36 Mich App 294; 193 NW2d 363 (1971), prior to the instant trial.

The trial court was informed by both the defendant and the prosecutor that it was within its discretion to allow reference to prior convictions. The court was also informed of the nature of the prior convictions. *Cf. People v Killebrew,* 61 Mich App 129; 232 NW2d 329 (1975), *lv den,* 395 Mich 817 (1975).

Even though the trial court did not "positively indicate and identify its exercise of discretion" in the matter, *People v Cherry, supra,* at 261, it is clear from the record that the judge was aware that he had discretion. There is no need for the court to specifically state that it is exercising discretion. *People v Pleasant,* 69 Mich App 322, 328; 244 NW2d 464 (1976), *lv den,* 399 Mich 831 (1977). A review of the motion to suppress reference to prior convictions establishes that there was no abuse of discretion. *Cf. People v Crawford,* 83 Mich App 35; 268 NW2d 275 (1978).

Even if we were to assume that the trial judge did err by not indicating that he was acting in

exercise of his discretion, the overwhelming evidence presented at trial indicates that any error was harmless. *People v Killebrew, supra.* See *People v Johnson,* 46 Mich App 212; 207 NW2d 914 (1973). The complainant's testimony was very strong, as was that of the neighbors, and the physical evidence connecting defendant with the crime was abundant. Under the facts presented reversal is not required.

As to defendant's final argument that he is entitled to a modification of his 30 to 40 year sentence in accordance with the two-thirds rule of *People v Tanner,* 387 Mich 683; 199 NW2d 202 (1972), there is a split on this Court.

Defendant is a repeat felony offender, and the *Tanner* two-thirds rule is inapplicable for the reasons set forth in *People v Malchi White,* 81 Mich App 226; 265 NW2d 100 (1978), *lv held in abeyance,* (Docket #61014, Apr. 5, 1978). But see *People v Redwine,* 73 Mich App 83; 250 NW2d 550 (1976).

Our disposition of this case renders any error in the four-year delay in appointment of appellate counsel harmless, since the defendant has not been prejudiced.

Affirmed.

Allen, J., concurred.

Bashara, P.J. *(concurring in part, dissenting in part).* I am in concurrence with my brethren on all issues raised except that of the applicability of *People v Tanner,* 387 Mich 683; 199 NW2d 202 (1972). The fact that defendant is a repeat felony offender does not prevent *Tanner* from controlling.

In *Tanner,* the Supreme Court specifically stated:

"Convinced as we are, that a sentence with too short an interval between minimum and maximum is not indeterminate, we hold that *any sentence which provides for a minimum exceeding two-thirds of the maximum is improper* as failing to comply with the indeterminate sentence act.

"Of course this holding has no application to sentencing under statutes by which the only punishment prescribed is imprisonment for life, or those providing for a mandatory minimum. See, MCLA 769.9; MSA 28.1081." 387 Mich at 690. (Emphasis supplied.)

This construction of the indeterminate sentence act was followed in *People v Redwine,* 73 Mich App 83; 250 NW2d 550 (1976), in which I concurred.

Frankly, the above quote from *Tanner* appears to fly directly in the face of the specific statutory language of the indeterminate sentencing act. MCL 769.8; MSA 28.1080. That statute clearly indicates that it applies only to persons "convicted for the first time". However, *Tanner* was decided long after the passage of the act and we are bound to follow the mandates of our Supreme Court.

I would, therefore, affirm the defendant's conviction but remand for modification of sentence under *People v Tanner, supra.*