PEOPLE v VINCENT

Docket No. 43718. Submitted October 19, 1979, at Detroit.—Decided
    January 3, 1980. Leave to appeal applied for.

Robert P. Vincent and two codefendants were convicted of armed
    robbery and possession of a firearm in the commission of a
    felony, Wayne Circuit Court, John H. Hausner, J. A bait shop
    employee testified that two men held him up at gunpoint. He
    observed a third man outside the store wearing a mask. He was
    certain that defendant Vincent was not one of the men in the
    store. The employee was bound. After the intruders left he
    freed himself and called the police. After hearing a radio report
    of the robbery police gave chase to a silver van and after a high
    speed chase the van hit a parked vehicle and stopped. The
    codefendants fled but Vincent was caught inside the van. The
    van contained masks, a pistol and numerous guns and other
    items taken from the bait shop. Vincent had recently com-
    pleted a prison term imposed upon a conviction of the Federal
    offense of misprision of a felony. The trial court ruled that the
    fact and date of this felony conviction could be shown but that
    the nature of the felony could not be disclosed except by
    initiative of the defense. Defendant appeals. On appeal defen-
    dant argues that in this state there is no crime known as
    misprision of a felony and argues that evidence of his convic-
    tion of this Federal crime should not have been held admissible
    to impeach his testimony. Held:

    1. Foreign convictions may not be proved to impeach a
    defendant in a Michigan court unless the conduct that makes
    out the foreign offense can also meet the minimal elements of a
    Michigan crime. Misprision of a felony, the Federal offense, is
    not a felony in the courts of this state. Evidence of it cannot be
    used in a Michigan court to impeach the testimony of a
    criminal defendant.

    2. It is improper to permit impeachment of a criminal defen-

REFERENCES FOR POINTS IN HEADNOTES
[1-7] 29 Am Jur 2d, Evidence §§ 320, 321, 327.
[4] 21 Am Jur 2d, Criminal Law § 7.
[5] 29 Am Jur 2d, Evidence § 333.
[6, 7] 5 Am Jur 2d, Appeal and Error §§ 778, 803.

dant's credibility by admitting evidence of a prior conviction of an unspecified felony without disclosing the nature of the felony.

3. Where a defendant testifies and is improperly impeached, it is possible but difficult to assess the damage done to the fairness of his trial. Therefore, although improper impeachment of a defendant's testimony is harmless error where evidence of guilt is overwhelming, if the evidence is less than overwhelming the error is not harmless and defendant's conviction should be reversed and a new trial ordered.

Reversed and remanded.

N. J. KAUFMAN, J., dissents. He would hold that the store employee's testimony and the circumstance of defendant's apprehension in a van containing masks and stolen items from the store presented overwhelming evidence of guilt. He would further hold that any error was harmless and defendant's conviction should be affirmed.

### OPINION OF THE COURT

1. WITNESSES — IMPEACHMENT — FOREIGN AND DOMESTIC CRIMES — RULES OF EVIDENCE.

The rule governing impeachment of a witness by evidence of his past criminal convictions does not distinguish between foreign and domestic crimes; a difficult question arises where evidence of convictions for acts that are not criminal in Michigan are offered as crimes to impeach a defendant in a Michigan court (MRE 609).

2. CRIMINAL LAW — EVIDENCE — UNRELATED CRIMINAL ACTIVITY — EFFECT ON JURY — PREJUDICE.

A defendant should be punished for only the crimes for which he is prosecuted; where evidence of a defendant's unrelated criminal activity is brought into a trial, there is always a danger that the trier of fact will follow the forbidden reasoning that a "criminal" of the defendant's "kind" is highly likely to have broken the law once again.

3. CRIMINAL LAW — IMPEACHMENT — PRIOR CONVICTIONS — CREDIBILITY — JUSTIFICATION.

Impeachment of the testimony of a criminal defendant by proof of other convictions can be sustained as a means of impeachment only because of the belief that, despite the acknowledged risks, many acts that are criminal also reflect so strongly on a defendant's credibility as to justify the danger to the defendant

and to the integrity of our notions of justice; the focus of this type of impeachment is conduct rather than criminality.

4. CRIMINAL LAW — IMPEACHMENT — PRIOR CONVICTIONS — FOREIGN CONVICTIONS — MISPRISION — MICHIGAN CRIMES — FEDERAL OFFENSES.

A foreign conviction may not be proved to impeach a defendant in a Michigan court unless the conduct that makes out the foreign offense can also meet the minimal elements of a Michigan crime; misprision of a felony, the Federal offense, does not constitute a felony in the courts of Michigan and evidence of a conviction of it cannot be used in a Michigan court to impeach the testimony of a criminal defendant (18 USC 4, MRE 609).

5. WITNESSES — CRIMINAL LAW — IMPEACHMENT — CREDIBILITY — PRIOR CONVICTIONS — UNSPECIFIED FELONY — JURY SPECULATION — PREJUDICE.

It is improper to permit impeachment of a criminal defendant's credibility by admitting evidence of a prior conviction of an unspecified felony without disclosing the nature of the felony because the unspecified felony, standing alone, says nothing of the conduct that is asserted to bear negatively on the defendant's reliability as a witness while presenting a very substantial possibility of jury speculation and consequent prejudicial impact upon the rights of the accused.

6. WITNESSES — CRIMINAL LAW — IMPEACHMENT — OVERWHELMING EVIDENCE — HARMLESS ERROR.

Improper impeachment of a defendant's testimony is harmless error where evidence of his guilt is overwhelming; it is possible but difficult to assess the damage done to the fairness of a trial where a defendant testifies and is improperly impeached.

DISSENT BY N. J. KAUFMAN, J.

7. WITNESSES — CRIMINAL LAW — IMPEACHMENT — OVERWHELMING EVIDENCE — HARMLESS ERROR.

*Overwhelming evidence of a defendant's guilt can render improper impeachment of his testimony harmless error.*

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Edward Reilly Wilson,* Principal Attorney, Appeals, and *Frank J. Bernacki,* Assistant Prosecuting Attorney, for the people.

*Anthony C. Penta, Jr.,* for defendant on appeal.

Before: Danhof, C.J., and N. J. Kaufman and D. C. Riley, JJ.

Danhof, C.J. Carl Lee LaDosz, Anthony Mazzio and the defendant were charged with armed robbery, MCL 750.529; MSA 28.797, and possession of a firearm in the commission of a felony, MCL 750.227b; MSA 28.424(2). In a joint jury trial, all the defendants were convicted of both offenses. The defendant brings this appeal as of right.

The evidence shows that at approximately 9:30 a.m. on January 17, 1978, a silver van entered the parking lot at Hudson's Bait Shop in Wayne. Codefendant LaDosz entered the shop, carrying a bucket in which he wanted the store clerk to place some minnows. Almost immediately, a man in a blue mask appeared, holding a pistol to the clerk's face. The clerk observed a third man outside the store, wearing a mask he could not describe. He was certain that the defendant was not one of the men in the store. The clerk was tied with tape and, after some scuffling about and shouting between the intruders, the men left. The clerk immediately freed himself and called the police.

Officers of several police agencies gave chase to a silver van almost immediately after hearing the radio report of the robbery; the first officer to take up the pursuit contacted the van approximately eight miles from the bait shop. After a high speed chase the van crashed to a stop and codefendants Mazzio and LaDosz fled. Defendant Vincent was held at bay inside the van. The van was found to contain two masks, a pistol and numerous guns and other items taken from the bait shop. The shortest time between the beginning of the rob-

bery and the crash of the van supported by the evidence is 15 minutes.

Well before the prosecution rested its case, the trial judge disposed of motions concerning the admissibility of evidence of the defendants' prior convictions in the event they elected to testify. Defendant Vincent had recently completed a prison term imposed upon a conviction of the Federal offense of misprision of felony.[1] After some rather casual argument by prosecution and defense, the trial court ruled that the fact and date of the defendant's felony conviction could be shown but that the nature of that felony could be disclosed only upon the initiative of the defense.[2]

---

[1] "Whoever, having knowledge of the actual commission of a felony cognizable by a court of the United States, conceals and does not as soon as possible make known the same to some judge or other person in civil or military authority under the United States, shall be fined not more than $500 or imprisoned not more than three years, or both." 18 USC 4.

Conviction under this statute requires some affirmative act directed at concealing a felony from authorities. *Lancey v United States,* 356 F2d 407 (CA 9, 1966).

[2] This discussion occurred at two different points in the trial and, as to the defendant, was rather short:

"MR. NICHOLS: [for the defendant] Mr. Vincent has one conviction for misprision of felony, Federal crime. I don't think that's too relevant, doesn't involve theft, dishonesty. He merely kept his mouth shut.

"THE COURT: What's that? I know what misprision of felony is.

"MR. NICHOLS: I don't have the dates, but he was released about a year ago.

"THE COURT: Misprision of a felony is a felony though under Federal Law, and I would allow the fact of a conviction but not in nature of any unless you want to bring it in.

"MR. NICHOLS: You won't allow the nature of it?

"THE COURT: I won't allow unless you, the Defendant's attorney, wants to bring it in. I would allow them to say he was convicted once, 1971, or whatever it is.

\*   \*   \*

"MR. HIGBEE: [for the prosecution] There is one as to Mr. Vincent. That was the misprision of felony.

"MR. NICHOLS: He was released about a year ago, misprision of felony.

"THE COURT: That's title 18, section four, $500.00 fine, prison, not

Of·the attacks the defendant brings against this ruling, we need address only one. The defendant points out that in this state there is no crime known as misprision of a felony, see *People v Lefkovitz,* 294 Mich 263; 293 NW 642 (1940), and argues that his conviction of this Federal crime should not have been held admissible to impeach his testimony.

Impeachment of a witness by evidence of his past criminal convictions is controlled by MRE 609.[3] The rule does not distinguish between foreign

more than three years or both. I will let you ask him if he has ever been convicted of a felony and the year.

"MR. HIGBEE: I think it's * * *

"MR. NICHOLS: Probably '73, isn't that on there, '72, '73. Isn't that on there?

"THE COURT: It's in the last 10 years.

"OFFICER PATTERSON: '74.

"THE COURT: But not the nature, '74, because, misprision of felony * * *

"MR. HIGBEE: I think it does go to the nature of deception.

"THE COURT: Well, misprision of felony is, I don't think you can say that. And I will tell you why, because you can't have misprision of felony unless somebody asks you if you know about something and you say no.

"MR. HIGBEE: You in·effect tell a lie about it or don't 'fess up when you know something about it'.

"THE COURT: The statute says whoever had any knowledge of conviction of a felony cognizable of the felony of the United States, conceals and does not make known saying, some other person et cetera et cetera et cetera, shall be fined. I am just going to let it be conviction of a felony. If you want to bring it out, you can. I am not going to do it. I don't know the particularities of it. It's possible, but I don't even know if it is or not. I will let you mention the fact that he has been convicted of a felony, 1974."

[3] MRE 609 provides in pertinent part:

"(a) * * * For the purpose of attacking the credibility of a witness, evidence that he has been convicted of a crime shall be admitted if elicited from him or established by public record during cross-examination but only if

"(1) the crime was punishable by death or imprisonment in excess of one year under the law under which he was convicted, or the crime involved theft, dishonesty or false statement, regardless of the punishment, and

"(2) the court determines that the probative value of admitting this evidence on the issue of credibility outweighs its prejudicial effect."

and domestic crimes. However, the rationale underlying this method of impeachment raises a difficult question when evidence of convictions for acts that are not criminal in Michigan are offered as evidence of crimes to impeach a defendant in a Michigan court.

Impeachment of the testimony of a criminal defendant by proof of other convictions necessarily involves a rather fine compromise between the need to thoroughly evaluate his testimony and the much-cherished belief that a defendant should be punished for only the crimes for which he is prosecuted. When evidence of a defendant's unrelated criminal activity is brought into a trial, the latter principle is severely tested, for there is always a danger that the trier will follow the forbidden reasoning that a "criminal" of the defendant's "kind" is highly likely to have broken the law once again.

This means of impeachment can only have been sustained against its many critics because of the belief that, despite the acknowledged risks, many acts that are criminal also reflect so strongly on a defendant's credibility as to justify the danger to the defendant and to the integrity of our notions of justice. See generally, *People v Jackson,* 391 Mich 323; 217 NW2d 22 (1974). The focus of this type of impeachment is conduct, rather than mere criminality. We believe that it would be anomalous indeed to strike this tightwire balance between competing values when the actions involved are not considered criminal in the court in which the compromise is attempted. We hold that unless the conduct that makes out the foreign offense can also meet the minimal elements of a Michigan crime admissible under MRE 609, the foreign con-

viction may not be proved to impeach a defendant in a Michigan court.[4]

The acts that bring criminal liability under 18 USC 4 would not constitute a felony in the courts of this state.[5] Therefore, the ruling of the trial judge was in error.

We also note that the trial court ruled that the defendant's Federal conviction could be presented by the prosecution only as an unspecified "felony". Recently, this Court has examined this practice and found that by failing to disclose the nature of the felony, such a ruling effectively strips the evidence of the only probative effect that justifies its admission. See *People v Jones,* 92 Mich App 100; 284 NW2d 501 (1979), and *People v Garth,* 93 Mich App 308; 287 NW2d 216 (1979). In *Jones, supra,* the Court wrote:

"[P]resentation of evidence of an unspecified 'felony' conviction for purposes of impeaching the defendant's

---

[4] There are doubtless many Federal crimes which, because of the unique concerns of that jurisdiction, may not be expected to have a counterpart in the law of any state. The disposition of the question such a conviction would present is not before the Court in this case.

[5] The Michigan statute most closely resembling 18 USC 4 is MCL 750.149; MSA 28.346:

"Any person having knowledge of the commission of any offense punishable with *death,* or by *imprisonment in the state prison,* who shall take any money, or any gratuity or reward, or any engagement therefor, upon an agreement or understanding, express or implied, to compound or conceal such offense, or not to prosecute therefor, or not to give evidence thereof, shall, when such offense of which he has knowledge was punishable with death, or imprisonment in the state prison for life, be guilty of a felony; and where the offense, of which he so had knowledge, was punishable in any other manner, he shall be guilty of a misdemeanor, punishable by imprisonment in the county jail not more than 1 year, or by fine of not more than 500 dollars."

It is apparent that Michigan, unlike the Federal jurisdiction, considers the acceptance of money or some other thing of value to be an important aspect of a defendant's culpability in concealing his knowledge of a felony. Indeed, this statute would appear to indicate that actually concealing the felony is of less importance than agreeing or promising to do so for value.

credibility says nothing of the conduct that is asserted to bear negatively on the defendant's reliability as a witness while presenting a very substantial possibility of jury speculation and consequent prejudicial impact upon the rights of the accused. The very difficult questions presented by the use of evidence of prior convictions for impeachment must be decided rather than compromised; as this case indicates, a compromise may be more injurious to a defendant than an adverse decision." *Jones, supra,* at 113.

It has been suggested that, if the defendant is free to disclose the nature of the prior conviction the prosecutor has proved, the "compromise" decision is fair when evidence of the conviction is otherwise admissible. *Garth, supra,* V. J. BRENNAN, J., dissenting. However, when a trial judge denies the prosecution the power to present the nature of the prior offense to the jury, he has decided that the nature of the offense is either unduly inflammatory or misleading (as was the case in *Jones, supra)* or not sufficiently relevant to the defendant's veracity (as was apparently the belief of the trial judge in the case at bar). Either circumstance dictates exclusion of the evidence altogether, rather than stripping it of its probative value and inviting the jury to speculate on what the defendant "felon" has done in the past. Further, the fact that a trial court's admission of evidence of the whole conviction, including its nature, might not constitute reversible error is not sufficient justification for the compromise decision. Such reasoning, viewed in light of the "abuse of discretion" standard by which such decisions are reviewed, would effectively insulate the injury done by the evidence of a past unspecified "felony" from appellate repair.

When a defendant testifies and is improperly impeached, it is possible but difficult to assess the

damage done to the fairness of the trial. It has been held that "overwhelming" evidence of guilt can render improper impeachment harmless. *People v Makidon,* 84 Mich App 287; 269 NW2d 568 (1978). In this case the evidence against the defendant is sufficient to support the conviction but cannot be termed "overwhelming". The defendant took the position that he was not the third man at the bait store or that, if he was, he was not a willing participant in the robbery. Such a theory could draw significant support from the defendant's testimony. Because the defendant did not take the stand, it is of course impossible to determine the value of the testimony he might have given. It is not clear that his decision to remain silent was a tactical move unaffected by fear of improper impeachment. See *People v Denny,* 86 Mich App 40; 272 NW2d 332 (1978).

The defendant shall have the opportunity to testify at a new trial without reference to his Federal conviction.

Reversed and remanded.

D. C. RILEY, J., concurred.

N. J. KAUFMAN, J. *(dissenting).* I agree with the majority in their conclusion that the trial court erred in admitting, for impeachment purposes, evidence of defendant's foreign conviction of an offense not cognizable as a crime in the state of Michigan. It should be emphasized that not only is misprision of a felony not a crime in Michigan but that Michigan has gone a step further and abolished aider and abettor status for accessories after the fact. See *People v Lucas,* 402 Mich 302; 262 NW2d 662 (1978).

I also agree with the reasoning of the majority that the trial court abused its discretion in allow-

ing the prosecution to present evidence of defendant's foreign conviction as an unspecified "felony". When a prior conviction is allowed to be admitted in this manner, its prejudicial effect outweighs its probative value. Instead of being given matter reflective of defendant's credibility or lack thereof, the jury is left to speculate upon the severity of defendant's prior conviction.

However, I disagree with the majority's assessment of the gravity of this trial court error. I find the instant situation to be controlled by *People v Makidon,* 84 Mich App 287; 269 NW2d 568 (1978), wherein it is held that "overwhelming" evidence of guilt can render improper impeachment harmless.

From the testimony and evidence adduced in the trial court, it appears that three people robbed the bait store. Two entered the store, one unmasked and the other masked. These individuals were identified as the codefendants. The third individual who participated in the robbery was never identified. An employee of the bait store testified that he saw another person in a mask outside the door of the store. The witness also related that the robbers were driving a silver Dodge van.

Within minutes of the robbery, a Wayne County police officer observed a silver Dodge van with three male occupants about 11 miles from the bait store. Having received the radio description of the robbers and their vehicle, the officer pursued the van. There followed a high speed chase ending with the van eventually stopping after hitting a parked vehicle.

After the van stopped, two individuals exited from the passenger side. One was identified as codefendant LaDosz, the unmasked individual who had been inside the bait store. The other was identified as codefendant Mazzio. Both were appre-

hended after a foot chase. Defendant Vincent was apprehended inside the van. Also found inside the van were many stolen items from the bait store including the store clerk's wallet, a knife and a shotgun. Additionally, two masks were found therein.

Thus, we have a robbery perpetrated by three individuals, two of whom wore masks. We have three individuals being apprehended in close proximity in both time and place to the robbery, one of whom is identified as the unmasked robber. At apprehension, these individuals occupied a vehicle of the same description as that of the robbers. The stolen merchandise was found in this vehicle. Defendant was found in the vehicle amidst this stolen merchandise.

In light of this evidence, defendant's theory that he was not the third man at the bait store or that, if he was, he was an unwilling participant in the robbery becomes extremely implausible. The first part of this theory fails in that it calls for an illogical assumption. To find defendant was not the third man at the bait store, one would have to assume that defendant was picked up by the robbers after the incident. It defies logic to conclude that fleeing villains would stop and pick up a stranger during their escape and allow this stranger to occupy a seat amidst their stolen merchandise. Moreover, if defendant's theory is accepted, one also has to assume that the third masked robber, whose presence was testified to by the bait store clerk, was dropped off before defendant was picked up. Clearly, it is much more logically consistent to conclude that defendant was indeed this third robber.

Defendant's duress theory is equally riddled with inconsistencies. The clerk testified that the

third man wore a mask and remained outside the store. Assuming defendant was this third man, an altogether logical assumption as noted above, defendant's duress theory fails when one considers that he was out of the presence of the other two robbers. Being outside the store, defendant could have abandoned the criminal activity at any time without coercion from his fellow perpetrators. Instead, he chose to remain masked and on guard outside the store.

In summary, then, although I agree with the premises espoused by the majority, I must disagree with their conclusion. I find the quantum of evidence introduced herein to be overwhelming so as to render the trial court's admission of the improper impeachment evidence harmless error. Accordingly, I would affirm defendant's conviction.