THE PEOPLE v. FRANK PRICE.

*Criminal law — Indorsement of witnesses upon information — Amendment—Statute of limitations.*

1. In this case the names of witnesses *known* to the prosecutor at the time of filing the information were allowed to be indorsed *after* the jury and a witness had been sworn, and the refusal of the court to grant the respondent a continuance on his application is held error, for which the conviction is reversed, and a new trial ordered.

2. As to such witnesses as are known to the prosecutor at time of filing the information, the statute is imperative that he shall indorse their names at the time of such filing (How. Stat. § 9549; *People v. Hall,* 48 Mich. 487); and his failure to do so is not excused by a want of knowledge of their whereabouts, or that their attendance can be secured.

3. An amendment of an information charging the larceny of " one yoke of oxen" by adding " one a red ox of the value of $50, and one a spotted ox of the value of $50," does not create a new issue upon an entirely different crime, but is a more particular description of the identical property charged to have been stolen.

4. Where a complaint for larceny was made more than six years after its alleged commission, and the testimony showed that the respondent left his residence in Michigan immediately after the property was stolen, and was for some time in Canada, and afterwards in California, and also that he was engaged in work in different places in Michigan, in some of which he passed under an assumed name, the question whether there was any period during the six years when he was not usually and publicly a resident of this State is properly submitted to the jury.

Error to Saginaw. (Gage, J.) Argued January 29, 1889. Decided February 8, 1889.

Respondent was convicted of larceny. Conviction reversed and new trial granted. The facts are stated in the opinion.

*Trask & Smith,* for respondent.

*S. V. R. Trowbridge,* Attorney General, and *John M. Harris,* Prosecuting Attorney, for the people.

CHAMPLIN, J.  On February 6, 1888, a complaint was made before a justice of the peace, charging that Frank Price did at the township of St. Charles, Saginaw county, Mich., feloniously steal, take, and carry away one yoke of cattle, of the value of $100, of the goods and chattels of one Charles Fisher, then and there in the possession of him, the said Charles Fisher.  An examination was had on February 23, 1888, and he was bound over to the circuit court of Saginaw county for trial.  On March 5 following an information was filed against him by the prosecuting attorney, charging that—

"Frank Price, late of the township of St. Charles, in the county aforesaid, heretofore, to wit, on November 1, in the year 1881, at the township of St. Charles, in the county of Saginaw aforesaid, one yoke of oxen, of the value of one hundred dollars, of the goods and chattels of one Charles Fisher, in the possession of him, the said Charles Fisher, there situate, then and there being found, feloniously did steal, take, and carry away, against the form of the statute in such case made and provided, and against the peace and dignity of the people of the State of Michigan."

On being arraigned the respondent refused to plead, and the court directed that a plea of "not guilty" be entered.  This was on May 8, 1888.  On May 17, 1888, the prosecuting attorney, on leave obtained, amended the information by adding thereto a second count, charging respondent with receiving stolen goods, to wit, one yoke of oxen, of the value of $100, the property of one Charles Fisher, knowing them to have been stolen.  Upon being arraigned upon the second count respondent refused to plead, and on motion of his attorney he was granted 10

days' time to file a plea in abatement, and on like motion the cause was continued until the next term of court.

On October 4, 1888, the respondent being in court for trial, a jury was impaneled and sworn to try the cause, who sat together and heard the proofs and allegations of the parties in part, and then adjourned to the next day. On October 5, on motion of the prosecuting attorney, it was ordered that, the defendant having failed to plead to the second count added to the information, a plea of not guilty be entered, by order of the court, *nunc pro tunc,* and the trial then proceeded. On the same day, on motion of the prosecuting attorney and on cause shown, it was ordered that he have permission to add to the names indorsed upon the information Dr. Brown, Jerry C. Gallup, Herman Wainwright, and Mahler Bray.

The above facts as to the time the jury were impaneled, and the proceedings had on October 4, 5, and 6, 1888, are taken from the journal entries appearing in the record, which also show that on Monday, October 8, the jury returned a verdict of guilty, in manner and form as the people in the information have charged, to wit, the larceny of one red ox of the value of $50. Then follows the bill of exceptions, which states that the issue joined between the parties came on to be tried on October 20, 1888, before a jury duly impaneled and sworn, and from which it appears that upon the opening of the case to the jury by the prosecuting attorney it appeared that names of witnesses had been indorsed upon the information after it was filed, and of which the respondent's counsel had had no notice. On the court's attention being called to the fact, which fact was however disputed by the prosecuting attorney, he ordered them stricken off. The prosecuting attorney then made application to have the names of Dr. Brown, Jerry C. Gallup, Herman Wainwright, and Mahler Bray indorsed upon the infor-

mation. The attorney for the respondent objected. The prosecuting attorney stated to the court that he felt sure that the name of Dr. Brown was on the information when it was filed. His name appeared in the preliminary examination, but he did not suppose that he could be obtained, and his whereabouts only came to his knowledge after the information was filed. In regard to the witnesses Gallup and Bray, he stated that he only learned yesterday (the first day of the trial) that they had any information connected with the case; that he discovered it by accident in talking with other parties. As to Wainwright, his whereabouts was discovered after the filing of the information. As to Brown and Wainwright, he knew that they had some knowledge, but was not aware of their whereabouts, or that he could obtain their testimony, until after the information was filed. As to Gallup, he had no knowledge that he was a material witness until the filing of the information. Upon this showing the court permitted him to add the names of Dr. Brown, Gallup, and Wainwright, against the objection of respondent's counsel, who stated that he was not prepared to go on with the trial, as he wished to examine into the character and standing of the witnesses; but the court ordered the trial to proceed, and the counsel for the defendant duly excepted. When these witnesses were produced the counsel for defendant objected to their being sworn for reasons above stated.

We think that it must be held from the record that Dr. Brown's name was indorsed on the information at the time it was filed. The witnesses Bray and Gallup resided at Meridian, Ingham county, and Wainwright resided at Iosco, in Livingston county. All of these places were a considerable distance from Saginaw, the place of trial. The question here is, after a trial has commenced by the swearing of a jury, can names be added to the list of

witnesses indorsed upon the information, without giving to the defendant an opportunity to investigate their character and credibility? As to such as were known at the time the information was filed, the statute is imperative that he shall indorse their names upon the information at the time of filing the same. How. Stat. § 9549; *People v. Hall*, 48 Mich. 487 (12 N. W. Rep. 665). It is no sufficient excuse for not doing so that the whereabouts of the witness is not known, or that the prosecutor does not know that he can secure his attendance. The other witnesses come within the decision in *Hill v. People*, 26 Mich. 496. The court, however, should have granted a continuance for the term on the motion of defendant.

The prosecutor, in opening, stated that he should only ask a conviction for stealing the red ox, and proceeded to introduce testimony tending to show a larceny of a red ox by defendant. Such testimony was timely objected to.

At the close of the testimony on behalf of the people, the defendant not introducing any evidence, the counsel for defendant requested the court to direct a verdict for defendant upon the following grounds:

1. The proof shows if any larceny was committed it was more than six years before this prosecution commenced.

2. There is a fatal variance between the offense charged and proven. The charge is stealing a yoke of oxen. There is no proof tending to prove the taking of but one ox.

The court held that the first point was a question of fact for the jury to find whether he was absent from the State a sufficient length of time, coupled with the residence in this State that he was not usually and publicly known. And as to the second point he allowed the prosecuting attorney to amend the information by inserting after the description of the property "one red ox of the

value of fifty dollars; one spotted ox of the value of
fifty dollars." The defendant's counsel excepted, and
refused to address the jury, for the reason that the
defendant had had no examination upon the charge as
presented by the amended information, and no opportu-
nity to plead in abatement to said information the want
or absence of such preliminary examination, and for
the further reason that the evidence taken by the com-
mitting magistrate contains no evidence justifying the
charge he now makes. So far as the latter reason alleged
is concerned, we have no means of knowing what testi-
mony was before the examining magistrate. If such point
was well taken, he should have procured a *certiorari* to
bring it before us. The other reason alleged is without
force. The statute provides that the court in which the
trial is had may forthwith allow amendment in case
of variance between the statement in the indictment on
which the trial is had, and the proof, in the description
of anything described in the indictment. How. Stat. §
9537; *People v. Mott,* 34 Mich. 80; *People v. Henssler,* 48
Id. 49 (11 N. W. Rep. 804); *People v. Cook,* 10 Id. 164;
*People v. Perriman,* 72 Id. 184 (40 N. W. Rep. 425).

There was testimony introduced which had a tendency
to prove that the yoke of oxen was missing; that one of
them was white and red and the other was a red ox. A
witness, who testified that he was an accomplice in the
theft, stated that defendant and himself took the red ox
and drove him to Saginaw, and there sold him to a
butcher for $42. The amendment allowed did not create
a new issue upon an entirely different crime, but it was
a more particular description of the identical property
charged to have been stolen. The amendment, when
inserted in its proper place in the information, would
charge the respondent with the larceny of one yoke of
oxen of the value of $100,—one a red ox of the value of

$50, and one a spotted ox of the value of $50. The court instructed the jury that if they were not satisfied beyond a reasonable doubt that there was a larceny of both oxen they could find the defendant guilty, if they were satisfied, beyond a reasonable doubt, that one of the oxen mentioned in the information was stolen by him; and, again, if the jury were satisfied beyond a reasonable doubt that the defendant in this case committed the larceny of the red ox, and that there appeared to be no proof that the spotted ox was taken by anyone, it would be their duty to find the defendant guilty of the charge as alleged; and the jury rendered a verdict of guilty against the defendant, and fixed the value of the property at $42. Viewing the amendment allowed in the light of the testimony, in connection with the charge of the court and the verdict of the jury, no error was committed by the trial court in permitting such amendment to be made.

The offense was charged to have been committed on November 1, A. D. 1881, and the complaint therefor was not made until February 6, 1888, a period of over six years and three months, and counsel for respondent claimed that the prosecution was barred by the statute which requires prosecutions to be brought within six years after the commission of the offense. The statute fixing the limitation to six years also provides that—

"Any period during which the party charged was not usually and publicly a resident within this State shall not be reckoned as part of the six years." How. Stat. § 9507.

There was testimony which showed that at the time of the larceny respondent was just past 21 years of age; that he had been residing at St. Charles, but left immediately, and was for some time in Canada, and afterwards was in California; and also that he was engaged in work in different places in Michigan, in some of which he passed

under an assumed name. The court submitted the testimony to the jury to find whether there was any period during the six years during which the respondent was not usually and publicly a resident within this State. The question was one of fact which it was proper to submit to the jury, and the instructions of the court very carefully guarded the rights of the respondent in this respect.

The conviction must be reversed, for the refusal to grant a continuance on defendant's motion, and the jury discharged. Such discharge of the jury on defendant's motion will not be a bar to trial before another jury, as we have held in *People v. White,* 68 Mich. 648 (37 N. W. Rep. 34), and other cases. A new trial is granted.

The other Justices concurred.