THE PEOPLE v. ARTHUR MACHEN.

*Criminal law — Larceny—Excluding witness from court-room—
Evidence—Res gestae—Indorsing witnesses on infor-
mation—Instructions to jury.*

1. Respondent was informed against for attempting to commit the crime of larceny from the person. On the trial his counsel requested that one of the two officers who made the arrest should be excluded from the court-room while the other was

testifying. And it is held that it was not error to refuse to grant the request, it being a matter entirely within the discretion of the court; citing *People v. Burns*, 67 Mich. 537.

2. Evidence that, just prior to his arrest, the respondent was seen with a newspaper in one hand, while his other hand was among the ladies' dresses, feeling of their pockets, and that the witness notified one of the officers of respondent's movements, which information caused them to watch him, was competent as a part of the *res gestae*, tending to show intent.

3. During the trial the prosecuting attorney was permitted to indorse the name of a witness upon the information, after testifying that he had just learned that he was a material witness. And it is held that in this there was no error.[1]

---

[1] INDORSING NAMES OF WITNESSES ON INFORMATION.

For cases bearing upon the proper construction of and practice under How. Stat. § 9549, which provides that the prosecuting attorney shall indorse on all informations the names of the witnesses known to him at the time of filing the same; and, at such time before the trial of any case as the court may, by rule or otherwise, prescribe, he shall also indorse thereon the names of such other witnesses as shall then be known to him,—see:

*General Rules Applicable to the Subject.*

1. *Hill v. People*, 26 Mich. 496, holding that the second requirement of the statute, for the indorsement of the names of witnesses before the trial, does not by its terms, nor by any reasonable implication, extend to any witnesses not known to the prosecuting attorney previous to the commencement of the trial, but involves a clear implication that it was not intended to apply to witnesses first discovered by him to be material after the commencement of the trial.

2. *People v. Quick*, 58 Mich. 321, holding that the respondent has the right to know, in advance of the trial, what witnesses are to be produced against him, so far as then known, and to have the names of any new witnesses indorsed on the information as soon as discovered; that the object of this is not merely to advise him what witnesses will be produced on the main charge, but to guard him against the production of persons who are unknown, and whose character he should have an opportunity to canvass; and that it is as important to impeach a rebutting witness as any other.

3. *People v. Price*, 74 Mich. 37, holding that, as to such witnesses as are known to the prosecuting attorney at the time of

4. Evidence that a "billy" was found upon the person of the respondent, at the time of his arrest, was admissible.

5. No testimony was offered on the part of the respondent. The jury were fully and fairly instructed upon the questions of reasonable doubt and the presumption of innocence, and as to all of the elements necessary to be proved in order to convict. In the course of the charge the circuit judge said: "You have heard the testimony for the prosecution. That is all there is to this case,—the testimony for the prosecution." And it is held that this language, when considered with the entire charge, cannot be construed, as counsel insists, into even an intimation on the part of the judge that the people had established their case.

---

filing the information, the statute is imperative that he shall indorse their names at the time of such filing; and his failure to do so is not excused by a want of knowledge of their whereabouts, or that their attendance can be secured.

4. *People v. Howes*, 81 Mich. 396, holding that the right of a respondent to have the names of witnesses known to the prosecuting attorney indorsed on the information before the trial is a substantial one, which courts cannot ignore; nor will the carelessness or neglect of the prosecuting officer warrant the court in permitting such indorsement on the trial.

### *Waiver.*

1. *People v. Howes*, 81 Mich. 396, holding that where, after the commencement of the trial, the prosecuting attorney stated to the court that he had just learned of two material witnesses whose names were not indorsed on the information, and the respondent's counsel thereupon waived any further showing, the indorsement of such names was not error.

2. *People v. Harris*, 95 Mich. 87, holding that an objection to the testimony of a witness because his name is not indorsed on the information comes too late after the witness has been sworn and examined at length.

### *Illustrative Cases.*

1. *Hill v. People*, 26 Mich. 496, where, after several witnesses had testified on the part of the people in a burglary case, and before the prosecution had rested, the prosecuting attorney called as a witness one whose name was not indorsed on the information, and, upon its being satisfactorily shown to the court that the prosecuting attorney was not apprised that such person was a material witness before the trial commenced, nor until the time

Error to recorder's court of Detroit. (Chambers, J.) Submitted on briefs June 28, 1894. Decided July 5, 1894.

Respondent was convicted of attempting to commit the crime of larceny from the person, and sentenced to imprisonment in the State prison for 28 months. Judgment affirmed. The facts are stated in the opinion.

*Harlow P. Davock,* for respondent.

*A. A. Ellis,* Attorney General, and *Allan H. Frazer,* Prosecuting Attorney, for the people.

---

he was thus called, the court permitted his name to be then indorsed on the information, and he testified to admissions made to him by the respondent tending to prove his guilt. And it is held that the ruling of the court was clearly correct.

2. *Wellar v. People,* 30 Mich. 16, 23, where, on the trial of a respondent for murder, the defense was compelled to call one of the two eye-witnesses of the homicide as a witness, although his name was indorsed on the information as one of the people's witnesses. And it was held that the fact that the name of a witness is indorsed on the information does not of itself involve any necessary obligation to do any more than have him in court ready to be examined; but in cases of homicide, and in other cases where analogous reasons exist, those witnesses who were present at the transaction, or who can give direct evidence on any material branch of it, should always be called, unless, possibly, where too numerous.

3. *People v. Hall,* 48 Mich. 482, 487, where the respondent was informed against for murder, and on the trial the court allowed the names of several witnesses to be added to the information, under objection, without any showing that they were not known earlier, and in time to give respondent notice in season to anticipate their presence before trial. And it was held that the statute is explicit that this shall be done before trial where witnesses are known; that this is not a mere formality, and wherever it has been provided for by statute it has been treated as a substantial right.

4. *People v. Moran,* 48 Mich. 639, where, on filing an information for burglary, the prosecuting attorney indorsed thereon the names of certain witnesses, and when the case came on for trial, and before the trial was entered upon or jury called, he indorsed the names of a number of other witnesses without any application to or permission from the court. And it was held that the case

GRANT, J. Respondent was convicted of an attempt to commit larceny from the person. Two officers testified that their attention had been called to his actions, that they watched him, and arrested him with his hand in a lady's pocket.

1. Respondent's counsel requested that one officer be excluded while the other was testifying, which request was refused. This point is ruled by *People v. Burns,* 67 Mich. 537. The refusal was not error.

2. One Orth, just previous to the arrest, had seen respondent with a newspaper in one hand and his other hand among the ladies' dresses, feeling their pockets, and notified one of the officers of his movements. This information caused the officers to watch him. Error is alleged upon the admission of this evidence. It was competent as a part of the *res gestae,* tending to show the intent.

3. During the trial the prosecuting attorney was per-

---

was ruled by *People v. Hall,* 48 Mich. 482, and a new trial was directed.

5. *People v. Perriman,* 72 Mich. 184, 187, where the respondent was convicted of bigamy, and assigned as error that the prosecuting attorney added the names of two witnesses to those already indorsed on the information, by leave granted in court before trial, without any sufficient showing that they were not known to him before. And it was held that it might be answered that no application was made for a continuance on that ground, but that it further appeared that the added witnesses lived in another state, and were beyond the reach of process from this State, so that a knowledge of their materiality would not have insured their attendance; that, while fairness requires that no needless delay should occur in placing on the information the names of known witnesses, yet it cannot be made an absolute requirement in cases of such a nature as the present, where the prosecution cannot compel attendance.

6. *People v. Evans,* 72 Mich. 367, holding that the court may properly permit the prosecuting attorney to indorse the name of the complaining witness, whose testimony was taken on the preliminary examination, upon the information, after the jury is

mitted to indorse the name of a witness upon the information, after testifying that he had just learned that he was a material witness. In this there was no error.

4. There was no error in admitting evidence that a "billy" was found upon the person of the respondent at the time of his arrest.

5. Complaint is made that the judge, in charging the jury, said:

"You have heard the testimony for the prosecution. That is all there is to this case,—the testimony for the prosecution."

No testimony was offered on the part of the respondent. The judge fully and fairly instructed the jury upon the presumption of innocence, reasonable doubt, and all the elements necessary to be proven in order to convict. This language, when considered with the entire charge, cannot be construed, as counsel insists, into even an intimation on the part of the judge that the people had

---

sworn, he having failed to make such indorsement through inadvertence; but if the respondent makes a reasonable claim that he is not prepared to meet the testimony expected to be given by said witness, he should be allowed a reasonable time to prepare his defense.

7. *People v. Price*, 74 Mich. 37, where the names of witnesses known to the prosecuting attorney at the time of filing the information were allowed to be indorsed after the jury and a witness had been sworn. And it was held that the refusal of the court to grant the respondent a continuance on his application was error, for which the conviction should be reversed, and a new trial ordered.

8. *People v. Mills*, 94 Mich. 630, holding that where a police officer has been present since the commencement of a criminal trial, seated at a table with the prosecuting officers, and his name has been frequently mentioned in the testimony, and it is clearly apparent to the court that the failure to indorse his name on the information was an oversight, it is not error for the court to permit such indorsement to be made after he is called and sworn as a witness, and his examination to proceed.

established their case. The case was fairly submitted to the jury.

We find no error, and the judgment is affirmed.

The other Justices concurred.