PEOPLE v. KARAMOL.

1. CRIMINAL LAW—INDORSEMENT ON INFORMATION—WITNESSES.
Without some excuse for delay the prosecuting attorney was not entitled to and should not have been permitted to indorse a new witness' name on the information at a second trial of the case. 3 Comp. Laws, § 11934.

2. SAME—PRESUMPTIONS.
On the trial of a prosecution for violating the local-option law,

the respondent was entitled to have a request given that he was presumed innocent until proved guilty, and could only be convicted if he was proved guilty beyond a reasonable doubt; nor was the point covered by a charge that he could not be presumed to be guilty, that he must be found guilty by the evidence, and was not required to introduce evidence in his own behalf unless the people had proved him guilty by testimony so convincing as to convince the jury of his guilt beyond a reasonable doubt.

Exceptions before sentence from Emmet; Shepherd, J. Submitted November 14, 1912.    ( Docket No. 129.)    Decided December 17, 1912.

John Karamol was convicted of violating the local-option law.    Reversed.

*Henry S. Sweeny*, Prosecuting Attorney (*Wade B. Smith*, of counsel), for the people.

*Halstead & Halstead* and *C. J. Pailthorp*, for respondent.

MOORE, C. J.    Respondent was convicted of a violation of the local-option law, so called, in the city of Petoskey. The case is here upon exceptions before sentence.

In the course of the trial the following occurred:

"*Pros. Atty.:* At this time I ask permission to indorse upon the information the name of Fred Simons, the drayman.

"*Mr. Halstead:* That is objected to. It seems to us that there has been sufficient time for the prosecutor to have found the importance of this witness before the other trial, and no reason why it should not have been known has been given.

"*The Court:* I will allow it.

"*Mr. Halstead:* Note an exception."

No showing was required or made excusing the delay in indorsing this name.    It was urged on the oral argument that a reading of the record will satisfy the court that the delay was excused.    A careful reading of the record does not satisfy us that the course pursued was

within the statute as construed by this court. See section 11934, 3 Comp. Laws; *People* v. *Hall*, 48 Mich. 482 (12 N. W. 665, 42 Am. Rep. 477); *People* v. *Price*, 74 Mich. 37 (41 N. W. 853); *People* v. *Howes*, 81 Mich. 396 (45 N. W. 961); *People* v. *Evans*, 72 Mich. 367 (40 N. W. 473); *People* v. *Machen*, 101 Mich. 400 (59 N. W. 664), and cases cited.

The respondent, by his counsel, requested the court to charge, among other things, as follows:

"In this case, as in all criminal cases, the defendant is presumed, or held, to be innocent until he is proved guilty, and, before a conviction can be had, he must be proved guilty beyond a reasonable doubt. He is not called upon to prove his innocence; that being presumed without proof."

This request was not given, but the jury were charged as follows:

"Lest I forget it further along in my charge, I will say now that it is the duty of the court in every criminal case to instruct you upon two principles appertaining to the trial of criminal cases. The first of these is that a person, though accused of a crime, cannot be presumed to be guilty. He cannot be found guilty until he is found guilty by the evidence. He is not required to introduce testimony in his own behalf, unless the people have proved by a preponderance of the testimony, by testimony so convincing as to convince the jury beyond a doubt of his guilt. Not beyond all possible doubt—there are but few matters in human affairs that are susceptible of such a high degree of proof as that—but it means that, if you have a doubt that is fair and candid and reasonable as to whether or not he is guilty as charged, you must give him the benefit of the doubt and bring him in not guilty."

The language used by the judge was not a correct statement of the law. In *People* v. *De Fore*, 64 Mich. 693 (31 N. W. 585, 8 Am. St. Rep. 863), it was said:

"It is the duty of the trial judge in a criminal case to instruct the jury in reference to the presumptions of law applicable to the case before them, distinguishing those which are conclusive from those which are disputable.

The presumption of innocence is present in every criminal case; and he should instruct the jury to that effect, and that it stands good until overcome by evidence, which convinces the jury beyond a reasonable doubt that the respondent is guilty."

See Tiffany's Criminal Law (4th Ed.), pp. 526, 527.

Error is assigned upon the argument of the prosecuting attorney. The zeal of the prosecuting attorney led him to make an argument that is not to be commended, but we find it unnecessary to decide whether it constituted reversible error.

For the reasons stated, the case must be reversed. We think it not necessary to discuss the other assignments of error.

The case is reversed, and a new trial ordered.

STEERE, McALVAY, BROOKE, STONE, OSTRANDER, and BIRD, JJ., concurred. KUHN, J., did not sit.