PEOPLE v PLEASANT

1. WITNESSES—CRIMINAL LAW—REFUSAL TO ANSWER—MISTRIAL—
  CREDIBILITY OF WITNESSES.

  The failure of a trial judge to declare a mistrial because of the
  refusal of a witness to state his home address when questioned
  on cross-examination was not error where the witness was a
  state police undercover officer who was the complainant in a
  narcotics case, and .where the defendant possessed a large
  amount of other background information about the witness and
  subjected him to vigorous cross-examination; the refusal to
  supply a home address in these circumstances did not result in
  a denial of the opportunity for the defendant to place the
  witness in his proper setting, thus testing his credibility.

2. CRIMINAL LAW—EVIDENCE—JUDGES—DISCRETION—PRIOR CONVIC-
  TIONS.

  A trial judge properly exercised his discretion in allowing evi-
  dence of a defendant's prior convictions to be introduced to
  impeach the defendant's credibility, after being informed by
  defense counsel that he had the discretion to disallow such
  evidence; a judge need not explicitly state that he is exercising
  his discretion so long as it does not appear that he is under the
  impression that he is compelled to allow the evidence to be
  entered.

3. WITNESSES—CRIMINAL LAW—RES GESTAE WITNESSES—PROSECUTORS
  —INDORSEMENT OF WITNESSES—PREJUDICE.

  A defendant was not prejudiced by a prosecutor's objection to
  having a party indorsed as a res gestae witness where the
  witness was in fact named on the information by order of the
  court, was produced at trial, and was cross-examined at length
  by defense counsel.

## Appeal from Saginaw, Eugene Snow Huff, J.

REFERENCES FOR POINTS IN HEADNOTES
[1] 81 Am Jur 2d, Witnesses § 28.5.
[2] 21 Am Jur 2d, Criminal Law § 585.
[3] 29 Am Jur 2d, Evidence §§ 708, 713.

Submitted May 4, 1976, at Lansing. (Docket No. 25936.) Decided May 28, 1976. Leave to appeal applied for.

LaMark Pleasant was convicted of delivery of heroin. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *E. Brady Denton,* Prosecuting Attorney, and *Peter C. Jensen,* Assistant Prosecuting Attorney, for the people.

*Thick & Bush,* for defendant on appeal.

Before: QUINN, P. J., and D. E. HOLBROOK and BEASLEY, JJ.

D. E. HOLBROOK, J. Defendant was convicted, by the trial judge sitting without a jury, of two counts of delivery of a controlled substance, MCLA 335.341(1)(a); MSA 18.1070(41)(1)(a). He was sentenced to 5 to 20 years in prison. Defendant appeals as of right.

At trial, virtually the only witness who gave testimony as to the actual delivery was an undercover narcotics officer of the Michigan State Police. The police officer testified that his name was Lee Webb, but that as an undercover officer he had used the name Ernie Woodford. In essence, Trooper Webb's testimony was that defendant had, on two separate occasions, sold him heroin. On cross-examination, defense counsel asked Trooper Webb for his home address. The witness refused to divulge this information, claiming that he feared for his safety and for that of his family. The trial judge ordered the witness to answer the question, for the judge had already decided, at a pretrial hearing, that the question was proper. The witness still refused to answer. Defendant claimed that it

was error for the trial judge to neglect to declare a mistrial when the witness refused to answer the question. We disagree, as we hold that the question was not a proper one, and that therefore the trial judge should have never ordered the witness to answer it.

On the date of trial, defense counsel moved the circuit court to either quash the information or remand the case to district court for another preliminary examination. The basis for the defendant's motion was the alleged undue restriction of his right to cross-examination occasioned by the district court's ruling that Trooper Lee Webb was not required to divulge his home address at the preliminary examination. The defense motion was denied on the basis that the sole question to be decided at the preliminary examination was whether or not there was sufficient probable cause shown to bind defendant over for trial in circuit court. Since it was understood that the same question was very likely to arise at trial, namely, whether or not Trooper Webb would be required to give his home address, the court held another hearing to determine whether or not the complainant's revelation of his home address would endanger his own and his family's safety. At that hearing, Trooper Webb disclosed the name of his home town where he had spent 18 years of his life. He testified that he had a wife and two infant children. He testified that he had been in the air force, and he supplied the defendant with the name of the employer he had worked for prior to becoming a police officer. He gave the defense the address of the state police post where he was employed, and also stated his immediate superior's name. He stated that as a black undercover officer, other members of the black community were very

likely to regard him as an "Uncle Tom". He stated that he had many times encountered resentment because of the fact that he was a police officer. He claimed that he had recently been threatened by a defendant in another drug case which had resulted from his undercover activities. Another state police trooper was called to the stand and testified that his life had been threatened several times in the past and that it was the policy of the state police to refuse to give the home address of any police officer. Rather, the officer testified that the practice was to give the address of the place of employment.

At the conclusion of the hearing, the trial judge stated that since the witness had made no showing of a specific threat on his life, he would require the witness to give his home address should the question be asked at trial. The trial court felt bound by the interpretation of *Smith v Illinois,* 390 US 129; 88 S Ct 748; 19 L Ed 2d 956 (1968), employed by the United States Court of Appeals for the Seventh Circuit in *United States v Palermo,* 410 F2d 468 (CA 7, 1969). In *Smith, supra,* which was also a narcotics case, an informant, who was apparently involved in drug traffic himself, refused to state his home address and also refused to give his true name. The United States Supreme Court held that, under these circumstances, the defendant was deprived of his right to confront the witnesses against him, specifically, to cross-examine them. The Court, however, recognized that an exception might exist if the disclosure of the witness's address would expose him to danger. *Palermo, supra,* interpreted this exception to mean that there must be an actual threat made on the witness's life before the exception exists. 410 F2d at 472. We do not believe the *Palermo* case to be well-reasoned and decline to follow it.

We believe the proper interpretation of the rule in *Smith, supra,* appears in *United States v Alston,* 460 F2d 48 (CA 5, 1972). In the *Alston* case the witness was a government agent rather than an informant. He had worked under an alias, but disclosed his real name at trial. He was subjected to vigorous cross-examination at trial, as was Trooper Lee Webb in the case before us now, and, as with Trooper Webb, the only information he declined to disclose was his home address. The Court stated:

"The question before this court is whether or not Alston's Sixth Amendment right to confront witness Johnson was abridged in the circumstances of this trial by the trial judge's failure to require the witness to divulge his home address." 460 F2d 48, 51.

Since the trial judge in the case before us refused to declare a mistrial, but instead allowed the witness to continue to testify after he refused to give his home address, this case° essentially involves the same question as that stated by the court in *Alston.*

In *Alston,* the Fifth Circuit went on to say:

"It is true, as Alston urges, that both *Alford [v United States,* 282 US 687; 51 S Ct 218; 75 L Ed 624 (1931)] and *Smith [v Illinois,* 390 US 129; 88 S Ct 748; 19 L Ed 2d 956 (1968)] reversed criminal convictions because the home address of a witness was not divulged. But it appears to us that the purpose of *Alford/ Smith* was to safeguard the opportunity for a meaningful and open cross-examination, not to require that a witness always divulge his or her home address. *Alford* and *Smith* do not erect a per se requirement that a witness' home address be divulged upon demand.

\* \* \*

"The substance of *Smith* and *Alford* is to assure the

admission of background that is 'an essential step in identifying the witness with his environment,' * * * . The crucial underpinning of that substance is the likelihood of prejudice to the defendant." 460 F2d 48, 51.

The Court pointed out that the prejudice to be protected against in a case such as this is the prejudice which results from a denial of the opportunity for the defendant to place the witness in his proper setting, thus testing his credibility. The Court went on to hold:

"We conclude that, for purposes of the Sixth Amendment, a witness may be constitutionally 'placed' through disclosure of his or her occupational background and existing occupational circumstances without concomitant disclosure of a home address, if there is sufficient reason advanced by the witness for nondisclosure and unless the defendant raises sufficient likelihood that disclosure of the home address would provide a significant avenue for additional cross-examination." 460 F2d 48, 53.

We agree totally with the Court's reasoning in *Alston.* We believe that those who work undercover in an effort to enforce our narcotics laws are brave individuals indeed. We also believe that they would have to be suicidal to agree to work undercover if the opinion of the Court in *Palermo, supra,* were truly the law. We believe, as did the Court in *Alston:*

"The spectrum of cross-examination is wide and long but it is not infinite in scope. The trial court must have some authority to armor a witness against extra-judicial weaponry." 460 F2d 48, 52.

In light of the large amount of background information this defendant possessed concerning Trooper Webb, and in light of the rigorous cross-

examination which Trooper Webb was subjected to, any claim that defendant was actually prejudiced because of Trooper Webb's refusal to give his home address is frivolous at best. We hold that defendant was possessed of ample information with which to identify the witness's environment, that is, to "place" him. Defendant was also possessed of ample information from which to conduct an out-of-court investigation into the witness's background.

In light of the foregoing, we hold that the failure of the trial judge to declare a mistrial because of the refusal of the witness to state his home address was, in this case, not error.

Defendant also alleges that the trial judge erroneously failed to exercise his discretion in deciding that evidence of defendant's prior criminal conduct could be introduced at trial to impeach defendant's credibility. *People v Jackson,* 391 Mich 323; 217 NW2d 22 (1974). The record indicates that the trial judge was informed that he had the discretion to disallow evidence of prior felony convictions. Defense counsel at trial cited cases to that effect. The trial judge then ruled that the evidence of prior convictions could be introduced. We hold that, in so ruling, the trial judge exercised his discretion. There is no need for him to explicitly state that he is exercising his discretion, so long as it does not appear that he was under the impression that he was compelled to allow the evidence to be entered.

Defendant also asserts that the prosecutor's refusal to produce a witness who was named on the information by order of the court constituted prejudicial conduct calling for a new trial. The name of the subject witness was Willie Hawkins. It is true that the prosecutor objected to this witness

being considered a witness for the people and subject to cross-examination by the defendant, claiming that he was not a res gestae witness. However, Mr. Hawkins was produced as a res gestae witness and cross-examined at length by defendant's counsel. Under the facts present in this case, we rule that defendant has failed to show any prejudice resulting to him in this matter. We, therefore, find no reversible error.

We have examined defendant's other allegations of error, and find them to be without merit.

Affirmed.

BEASLEY, J., concurs in result.