PEOPLE v RANKINS

1. Searches and Seizures—Search Warrants—Hair Samples—Evidence—Probable Cause—Custody—Removal by Doctor—Force—Minor Intrusions—Potential for Abuse.

A search warrant was not required to justify the taking of hair samples from a defendant which were compared with hairs found at the scene of the crime charged and introduced into evidence at trial where there was sufficient evidence at the time the samples were taken to establish probable cause that the defendant committed the crime, the hair samples were removed by a medical doctor in a hospital environment after defendant was already in custody and at a time when he was conscious and alert, and where there was nothing to suggest that the hair samples were obtained by force; the intrusion into or upon the integrity of the defendant's person was very minor, and the potential for abuse of this procedure by police for harassment purposes is not great.

2. Searches and Seizures—Search Warrants—Official Intrusions—Individual's Person—Extenuating Circumstances—Reasonableness—Minor Intrusions.

Not all official intrusions of an individual's person require a search warrant in order to be reasonable; some official incustody investigative techniques designed to uncover incriminating evidence from a person's body are such minor intrusions into or upon the "integrity of an individual's person" that they are not, in the absence of a search warrant, unreasonable intrusions.

Appeal from Oakland, William R. Beasley, J. Submitted February 15, 1978, at Lansing. (Docket No. 77-4185.) Decided March 7, 1978.

References for Points in Headnotes
[1, 2] 68 Am Jur 2d, Searches and Seizures §§ 29, 105.
Physical examination or exhibition of, or tests upon, suspect or accused, as violating rights guaranteed by Federal constitution—Federal cases. 22 L Ed 2d 909.

Glen L. Rankins was convicted of armed robbery, assault with intent to do great bodily harm less than murder, and first-degree criminal sexual conduct. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *L. Brooks Patterson,* Prosecuting Attorney, *Robert C. Williams,* Chief Appellate Counsel, and *Thomas S. Richards,* Assistant Prosecuting Attorney, for the people.

*Adrian B. Spinks,* for defendant.

Before: DANHOF, C. J., and BRONSON and N. J. LAMBROS,* JJ.

DANHOF, C. J. Defendant, Glen Lamare Rankins, was charged with two counts of armed robbery, MCLA 750.529; MSA 28.797, one count of assault with intent to do great bodily harm less than murder, MCLA 750.84; MSA 28.279, and first-degree criminal sexual conduct, MCLA 750.520b; MSA 28.788(2). He was convicted of all four counts on November 7, 1975. Defendant's motion for a new trial was denied and he appeals as of right.

About one hour after the crime was committed, defendant was apprehended as the result of a high speed auto chase which ended when defendant crashed into a parked car. While the defendant was in custody and at a hospital for treatment of minor injuries, the doctor clipped some hair samples from him. The defendant was conscious at the time but unresponsive to questioning. These samples were compared to hairs found at the scene of the crime and introduced into evidence. The defendant raised a Fourth Amendment objection to

---

* Circuit judge, sitting on the Court of Appeals by assignment.

this evidence, but this was overruled and he appeals.

Although this exact question has never been decided in this state, this Court did address the issue in *People v Cutler,* 73 Mich App 313; 251 NW2d 303 (1977). In *Cutler,* while the defendant was in custody, the police clipped a few strands of his hair without a warrant or consent. The Court in that case referred to *United States v D'Amico,* 408 F2d 331 (CA 2, 1969), which held that:

"Unquestionably the clipping of the few strands of appellant's hair by a federal agent constituted a 'seizure' that might conceivably be subject to the 'constraints of the Fourth Amendment,' *Schmerber v California,* 384 US 757, 767; 86 S Ct 1826; 16 L Ed 2d 908 (1966); but the fact that the officer failed to obtain a search warrant before cutting off the hairs does not necessarily require that we hold that this 'seizure' was an unconstitutional one." *D'Amico, supra,* at 332–333.

The Court in *D'Amico, supra,* also considered and rejected the lack of "exigencies of the circumstances" argument which defendant raised. Citing *Schmerber v California,* 384 US 757, 86 S Ct 1826, 16 L Ed 2d 908 (1966), the Court rejected this argument:

"This holding does not comprehend that all official intrusions into an individual's person require, in the absence of extenuating circumstances, a search warrant in order to be reasonable. Some official in-custody investigative technique designed to uncover incriminating evidence from a person's body are such minor intrusions into or upon the 'integrity of an individual's person' (384 U.S. at 772; 86 S Ct at 1826 [16 L Ed 2d at 920]), that they are not, in the absence of a search warrant, unreasonable intrusions.

\* \* \*

"Here there was only the slightest intrusion (if indeed there was any intrusion at all): the clipping by the officer of the few strands of hair from appellant's head was so minor an imposition that appellant suffered no true humiliation or affront to his dignity. We hold that a search warrant was not required to justify the officer's act. *D'Amico, supra,* at 333."

Applying this law to the instant case, it is clear that a search warrant was not required to justify the taking of the hair samples from the defendant. In this case, there was sufficient evidence to establish probable cause that the defendant committed the crime. The hair samples were removed by a medical doctor in a hospital environment after defendant was already in custody, and at a time when he was conscious and alert. Also, there is nothing to suggest that the hair samples were obtained by force. The intrusion into or upon the integrity of the defendant's person was very minor and slight. Furthermore, since only one sample is required for analysis, the potential for abuse of this procedure by police for harassment purposes is not great, see *Davis v Mississippi,* 394 US 721; 89 S Ct 1394; 22 L Ed 2d 676 (1969). Under these facts and circumstances, there was no violation of defendant's Fourth Amendment rights.

Although they are not controlling, it should be noted that the same result has been reached in other states, *Commonwealth v Tarver,* — Mass —; 345 NE2d 671 (1975), *State v Sharpe,* 284 NC 157; 200 SE2d 44 (1973), *State v Brierly,* 109 Ariz 310; 509 P2d 203 (1973).

Affirmed.