PEOPLE v KURZAWA

Docket No. 140038. Submitted April 1, 1993, at Grand Rapids. Decided November 15, 1993, at 9:45 A.M.

Kenneth J. Kurzawa was convicted by a jury in the Alcona Circuit Court, Joseph P. Swallow, J., of being an accessory after the fact to murder. He was originally charged with open murder, and the jury was instructed with regard to first- and second-degree murder, aiding and abetting, and accessory after the fact to murder. The defendant did not object to the jury instructions. Following the verdict, but before sentencing, he moved for dismissal, asserting that the trial court lacked jurisdiction to sentence him because the period of limitation with regard to the charge of accessory after the fact had expired before the charge of open murder was brought. The court held that the statute of limitations defense was waived because the defendant failed to raise it at or before the trial. The defendant appealed, raising several issues.

The Court of Appeals *held:*

1. The trial court's refusal to order the prosecution to provide the defendant the home address of a witness did not deny the defendant access to a material witness or his right of confrontation. Sufficient reason existed to warrant the nondisclosure of the address, and the defendant's investigator did meet the witness at a neutral location.

2. The court did not commit an abuse of discretion requiring reversal in refusing the defendant's request to suppress samples taken from his beard, and no error resulted from the testimony of an expert who performed an analysis of the sample.

3. The court's admission of a pipe wrench into evidence as a

REFERENCES

Am Jur 2d, Criminal Law §§ 225, 239.

Conviction of lesser offense, against which statute of limitations has run, where statute has not run against offense with which defendant is charged. 47 ALR2d 887.

Waivability of bar of limitations against criminal prosecution. 78 ALR4th 693.

facsimile of the murder weapon did not result in error requiring reversal.

4. The statute of limitations defense is a nonjurisdictional, waivable affirmative defense. The court did not err in finding that the defendant's failure to raise the defense before or during the trial resulted in the waiver of the defense.

Affirmed.

D.E. SHELTON, J., dissenting, stated that the defendant's failure to object to the jury instructions did not amount to a waiver of the statute of limitations defense. The defendant's postconviction motion to dismiss should have been granted.

CRIMINAL LAW — LIMITATION OF ACTIONS — DEFENSES — WAIVER.

A statute of limitations defense is a nonjurisdictional, waivable affirmative defense; the defense is waived where, following a verdict of guilty of a lesser included offense and dismissal of the jury, a defendant moves for the first time to dismiss the charges and prohibit the court from imposing sentence on the basis that although the period of limitation had not run with regard to the offense originally charged, it had run with regard to the lesser included offense of which the defendant was convicted.

Kenneth J. Kurzawa, in propria persona.

Before: MICHAEL J. KELLY, P.J., and WEAVER and D. E. SHELTON,* JJ.

MICHAEL J. KELLY, P.J. Defendant was charged with open murder in connection with the death of Cynthia Schmidt eleven years after she died. Following a jury trial, defendant was convicted of accessory after the fact to murder, MCL 750.505; MSA 28.773; MCL 767.67; MSA 28.1007. On April 22, 1991, defendant was sentenced to serve forty to sixty months in prison. Defendant appeals as of right. We affirm.

Defendant was originally charged with open murder. The jury was instructed regarding the offenses of first- and second-degree murder, aiding and abetting, and, pursuant to the request of the

* Circuit judge, sitting on the Court of Appeals by assignment.

prosecution, accessory after the fact to murder. Defendant did not object to the instructions, including those for the lesser included offenses. The jury convicted defendant of being an accessory after the fact. Following the jury's verdict, but before sentencing, defendant moved for dismissal, asserting that the trial court lacked jurisdiction to sentence him because the period of limitation had expired for the offense of which he was convicted before he was charged with the greater offense. The prosecution claimed that defendant waived the defense when he failed to raise it at trial and when he failed to object to the jury instructions. The trial court ruled that the statute of limitations defense was waived by defendant's failure to raise it at or before trial.

I

Defendant's first claim of error, lack of access to a material witness and denial of his right of confrontation, turns on the court's refusal to order the prosecution to provide defendant with the home address of a witness. While refusing to order disclosure of the witness' home address, the court did order that arrangements be made for a meeting between the witness and defendant's investigator at a neutral location. We hold that a sufficient reason existed to warrant nondisclosure of the home address. *People v Pleasant*, 69 Mich App 322; 244 NW2d 464 (1976). The investigator met with the witness after the ruling, and defense counsel presented no further objection before the lower court, or any indication that an inadequate opportunity had been provided to secure the information defendant needed to obtain the background information he sought. The witness had previously lived with defendant in Florida, and, presumably,

defendant received the information he needed to conduct whatever investigation was necessary.

## II

Defendant next contends the trial court erred when it refused to suppress samples from his beard obtained from defendant pursuant to a search warrant. Defendant contends the affidavit in support of the warrant was not signed or dated and contained false information. The trial court opined that the clippings or combings of facial hair taken from defendant did not constitute a search within the meaning of the United States or Michigan Constitutions and that, therefore, no warrant was required. We find no abuse of discretion or error requiring reversal. *People v Rankins,* 81 Mich App 694; 265 NW2d 792 (1978). We also find no error in the expert hair analysis testimony and follow the precedent of *People v Vettese,* 195 Mich App 235; 489 NW2d 514 (1992).

## III

We likewise find no error requiring reversal in the admission of a pipe wrench as a facsimile of the murder weapon and find no abuse of discretion. *People v Watkins,* 176 Mich App 428; 440 NW2d 36 (1989). Furthermore, it is obvious that the jury did not use the testimony regarding the pipe wrench as evidence that the defendant inflicted any blows upon the deceased. If there was any error in the admission of the facsimile, it was harmless beyond a reasonable doubt.

## IV

Finally, defendant contends that the trial court lacked jurisdiction to sentence him because the

statute of limitations for the offense of accessory after the fact had barred prosecution for that offense before he was charged in the instant case. The offense of which defendant was convicted, accessory after the fact, is a felony punishable by imprisonment for five years. MCL 750.505; MSA 28.773; MCL 767.67; MSA 28.1007. In *People v Allen,* 192 Mich App 592; 481 NW2d 800 (1992), this Court held that the statute of limitations was waivable. If facts are in dispute, the question whether a period of limitation has expired is a question for the jury. *People v Price,* 74 Mich 37; 41 NW 853 (1889). Federal law is in accord. See *United States v Del Percio,* 870 F2d 1090 (CA 6, 1989).

Defendant did not object to the trial court's instructions with regard to the lesser included offense of accessory after the fact. Furthermore, it is not clear that a challenge would have been successful because no factual record exists regarding the tolling of the period of limitation during defendant's absence from the state. See MCL 767.24; MSA 28.964. It appears that the trial court was of the opinion that defendant's decision not to press the statute of limitations challenge was trial strategy in view of the more serious charges of first- and second-degree murder and aiding and abetting. It was only after the verdict and dismissal of the jury that defendant moved to dismiss the charge of accessory after the fact and prohibit the court from sentencing him on the contention that the period of limitation had run with regard to the offense of accessory after the fact. Given this Court's ruling in *Allen, supra,* pp 598-602, that the statute of limitations defense is a nonjurisdictional, waivable affirmative defense, we find no error in the trial court's denial of defendant's

motion to dismiss. Defendant's failure to raise the defense before or during trial resulted in waiver.

Affirmed.

WEAVER, J., concurred.

D. E. SHELTON, J. *(dissenting)*. I dissent with regard to the statute of limitations issue. Defendant's conviction arises out of the death of Cynthia Schmidt, whose body was found on the side of a road in September of 1979. The only physical evidence linking defendant to the murder was a hair that was found near the victim's head. The police seized a sample of defendant's beard. Subsequent scientific testing indicated that the hair near the victim may have come from defendant's beard. This evidence was admitted at trial. Also admitted into evidence were statements from persons who saw defendant's car on the night of the victim's disappearance in the area where the victim's body was found and a statement of a witness indicating that defendant told her that he helped Cynthia's husband bury some tools and gloves in the woods. A review of the overall record reveals that the quality and quantity of evidence introduced was totally insufficient to suggest that defendant was actually involved in the murder.

The jury was instructed with regard to the offenses of first- and second-degree murder, aiding and abetting, and accessory after the fact to murder. Defendant did not object to the instructions, including those for the lesser included offenses. The jury convicted defendant of being an accessory after the fact. Following the verdict and dismissal of the jury, defendant moved to dismiss the charges and prohibit the court from sentencing him because the period of limitation had run with regard to the offense of accessory after the fact.

The prosecution claimed that defendant waived the defense when he failed to raise it at trial and also when he failed to object to the jury instruction for accessory after the fact. The court concluded that the defense was waived by defendant's failure to raise it at trial, and defendant now appeals that ruling.

Pursuant to the statute:

> An indictment for the crime of murder may be found at any period after the death of the person alleged to have been murdered. Indictments for the crimes of kidnapping, extortion, assault with intent to commit murder, and conspiracy to commit murder shall be found and filed within 10 years after the commission of the offense. Except as otherwise provided in subsection (2), all other indictments shall be found and filed within 6 years after the commission of the offense. However, any period during which the party charged did not usually and publicly reside within this state shall not be considered part of the time within which the respective indictments shall be found and filed. [MCL 767.24(1); MSA 28.964(1).]

The original charge of open murder lodged by the prosecution in the case at bar is clearly not barred by the terms of this statute. However, the issue before this Court is whether a defendant may be convicted of a lesser included offense of a timely filed charge, where that offense would otherwise be barred by the statute of limitations. I would hold that, absent an express waiver of the statute of limitations defense, a defendant may not be so convicted.

For guidance in this regard, we must first determine whether the statute of limitations is a waivable nonjurisdictional defense, or a nonwaivable bar to the prosecution's very authority to bring the charge. Recent case law in this state does suggest

that the defense is waivable under certain circumstances. *People v Allen,* 192 Mich App 592, 598-602; 481 NW2d 800 (1992). In *Allen,* a panel of this Court held that a statute of limitations challenge to an otherwise voluntary plea of nolo contendere was waived where the court informed the defendant of the implication of the waiver on the record. Specific to this Court's decision in *Allen* was the determination by our Supreme Court that a waiver of certain defenses occurs as a result of a plea of guilty or nolo contendere where those defenses only operate to challenge the state's ability to prove factual guilt. *Id.* at 598, 600, relying on *People v New,* 427 Mich 482, 495-496; 398 NW2d 358 (1986).

In concluding that a plea of guilty or nolo contendere may waive the statute of limitations defense, this Court recognized in *Allen* that the federal courts of appeal now consider a statute of limitations defense waivable, while the states remain split. *Id.* at 599. The *Allen* panel stated that the purpose of the statute of limitations in a criminal context was to protect the defendant's ability to present a defense, similar to the recognized purpose of the defendant's right to a speedy trial. *Id.* at 602. Thus, the Court reasoned that the statute of limitations was related to a factual determination of the defendant's guilt and therefore could be waived under *New. Id.*

The majority's determination that *Allen* is controlling in this situation is incorrect. While we must accept the *Allen* conclusion that the statute of limitations may be waived by entry of a plea of guilty or nolo contendere, there was no such plea in this case. We must determine whether defendant waived the defense under the facts of this case. No court in this state has established minimum requirements for waiver of a statute of limi-

tations defense, nor has any Michigan court, including *Allen,* specifically addressed the question whether the failure to object to an instruction regarding an otherwise time-barred offense constitutes a waiver of the limitations defense.

Knowledgeable commentators have phrased this issue in the following manner:

> Another possibility is that the original charge, timely brought, will result in conviction for a lesser offense as to which the time had run before the original charge was brought. It has rather consistently been held that this conviction is barred by the statute of limitations, the reason being that otherwise the prosecutor might overcharge to avoid the limitation period on the lesser offense. [2 LaFave & Israel, Criminal Procedure, Criminal Practice Series, § 18.5, p 426.]

In this case, while it is true that the eleven-year-old charge of open murder was brought timely, the conviction of the lesser included offense was very obviously in violation of the limitation period. Thus, we are squarely faced with the concern that the prosecutor overcharged defendant in an effort to avoid the limitation period for the lesser included offenses. This is especially true in this case in view of the distinct lack of evidence linking defendant to the actual murder.

Various other jurisdictions have addressed the waivability of the statute of limitations. See 78 ALR4th 675, 698, § 4. In *Hall v State,* 497 So 2d 1145 (Ala Crim App, 1986), the Alabama Court of Criminal Appeals concluded that the statute of limitations was waivable under certain circumstances. *Id.* at 1149. However, the court, quoting *Tucker v State,* 417 So 2d 1006, 1013 (Fla App, 1982), stated:

> [T]he waiver "must meet the same strict stan-

dards which courts have applied in determining whether there has been an effective waiver as to other fundamental rights." In other words, the waiver must be express and certain, not implied or equivocal. [*Hall* at 1148. Citations omitted.]

See *Tucker v State,* 459 So 2d 306 (Fla, 1984).

In *Tucker, supra,* the Florida Supreme Court was faced with an issue substantially similar to that presented in the case at bar. In that case, the defendant requested an instruction regarding a lesser included offense to the charge of first-degree murder. The trial court refused to give the instruction because the offense was barred by the statute of limitations. At no time during trial did the defendant expressly waive the statute of limitations defense in order to allow the jury to consider the lesser included offense. See *Spaziano v Florida,* 468 US 447; 104 S Ct 3154; 82 L Ed 2d 340 (1984). The defendant was convicted and appealed the court's refusal to give an instruction regarding the lesser included offense, contending, in part, that his request for the instruction constituted an implicit waiver of the limitations defense.

The Florida Supreme Court affirmed the trial court's refusal to give the instruction, concluding that a defendant's mere request for an instruction regarding a lesser included offense did not constitute a waiver of the statute of limitations. The court stated as follows:

Before allowing a defendant to divest himself of [the statute of limitations] protection, the court must be satisfied that the defendant himself, personally and not merely through his attorney, appreciates the nature of the right he is renouncing and is aware of the potential consequences of his decision. We agree with the state's position that an effective waiver may only be made after a

determination on the record that the waiver was knowingly, intelligently and voluntarily made; the waiver was made for the defendant's benefit and after consultation with counsel; and the waiver does not handicap the defense or contravene any of the public policy reasons motivating the enactment of the statute. [*Tucker,* 459 So 2d 309.]

Other jurisdictions have also indicated that, in order to be effective, a waiver of the statute of limitations must be knowingly, intelligently, and voluntarily given. See *United States v Del Percio,* 870 F2d 1090, 1093 (CA 6, 1989); *United States v Cooper,* 956 F2d 960 (CA 10, 1992); *United States v Wild,* 179 US App DC 232; 551 F2d 418 (1977), cert den 431 US 916 (1977); *Hall, supra; Padie v State,* 594 P2d 50 (Alas, 1979). See also comment, *The statute of limitations in a criminal case: Can it be waived?,* 18 Wm & Mary L R 823, 839-840 (1977); note, *Waiver of the statute of limitations in criminal prosecutions,* 90 Harv L R 1550, 1555-1556 (1977). But see *Acevedo-Ramos v United States,* 961 F2d 305 (CA 1, 1992) (holding that a plea of guilty of time-barred offenses implied a waiver of the statute of limitations, notwithstanding the lack of express waiver).

Michigan should follow those jurisdictions that require an express waiver of the statute of limitations before a defendant can be convicted of an otherwise time-barred offense. In *Allen, supra,* this Court found it significant that the defendant expressly recognized the fact that he was pleading nolo contendere to a charge that may have been untimely. *Id.* at 603. Moreover, in a plea situation such as that at issue in *Allen,* the defendant is carefully advised of the numerous rights and defenses that will be waived in the event that he decides to plead guilty of the offense. In this case,

however, the record evidences *no* intent to waive the statute of limitations defense. In situations where a defendant merely acquiesces to the issuance of a jury instruction covering a time-barred offense, absent some express recognition that the instruction will constitute a waiver of the statute of limitations defense, no waiver should be implied.

Having concluded that defendant's failure to object to the jury instruction did not amount to a waiver of the statute of limitations, defendant's postconviction motion to dismiss should have been granted.